## *In re* BELT, Petitioner.

ORIGINAL.

No number. Submitted April 29, 1895. — Decided June 3, 1895.

The Supreme Court of the District of Columbia had jurisdiction and authority to determine the validity of the act of July 23, 1892, c. 236, which authorized the waiver of a jury and to dispose of the question as to whether the record of a conviction before a judge without a jury, where the prisoner waived trial by jury according to statute, was legitimate proof of a first offence, and this being so, this court cannot review the action of that court and the Court of Appeals in this particular on *habeas corpus.*

The general rule is that the writ of *habeas corpus* will not issue unless the court, under whose warrant the petitioner is held, is without jurisdiction; and that it cannot be used to correct errors.

Ordinarily a writ of *habeas corpus* will not lie where there is a remedy by writ of error or appeal; but in rare and exceptional cases it may be issued although such remedy exists.

THE case is stated in the opinion.

*Mr. George Kearney* and *Mr. Perry Allen* for petitioner.

*Mr. Solicitor General, opposing.*

MR. CHIEF JUSTICE FULLER delivered the opinion of the Court.

This is an application for leave to file a petition for the writ of *habeas corpus* directed to the superintendent of the Albany County penitentiary, in the State of New York, for the discharge of petitioner now held in the custody of said superintendent under sentence of the Supreme Court of the District of Columbia. The case is thus stated by the Court of Appeals for the District of Columbia on affirming the judgment below: "The appellant, William Belt, alias William Jones, was indicted in the Supreme Court of the District of Columbia, holding a criminal court, and convicted on the twentieth day of February, A.D. 1894, of a second offence of larceny, and sentenced to three years' imprisonment in the penitentiary. The conviction was under section 1158 of the Revised Statutes of the United States for the District of Columbia, which provides that 'Every person convicted of feloniously stealing, taking, and carrying away any goods or chattels, or other personal property, of the value of thirty-five dollars or upwards, . . . shall be sentenced to suffer imprisonment and labor, for the first offence for a period not less than one nor more than three years, and for the second offence for a period not less than three nor more than ten years.' At the trial of the case, after proof of the special offence charged against the defendant, the prosecution proceeded to prove that it was the defendant's second offence of the kind by offering in evidence the record of his previous conviction of the crime of larceny in the police court of the District of Columbia on April 8, 1893. To the admission of this record in evidence objection was made on the ground that it showed on its face a waiver of the right of trial by jury on the part of the prisoner and a trial and conviction by the court alone

without a jury, a method of procedure claimed to be in violation of the Constitution of the United States and therefore null and void. The objection was overruled, and exception taken.; and upon that exception the case has been brought by appeal to this court."

The opinion of the Court of Appeals will be found reported 22 Wash. Law Rep. 447. The court held that the act of Congress of July 23, 1892, c. 236, 27 Stat. 261, providing that in prosecutions in the police court of the District, in which, according to the Constitution, the accused would be entitled to a jury trial, the accused might in open court expressly waive such trial by jury and request to be tried by the judge, in which case the trial should be by the judge, and the judgment and sentence should have the same force and effect as if entered and pronounced upon the verdict of a jury, was constitutional and valid; and that the record of a trial, conviction, and sentence by a judge under such a waiver was competent evidence on an indictment for a similar offence to prove that it was the defendant's second offence of the same kind.

It is contended that the sentence as for a second offence under which petitioner is held is void because the first conviction of petitioner was void and of no effect in law, inasmuch as the constitutional requirement of trial by jury in criminal cases could not be waived by the accused person though in pursuance of a statute that authorized such waiver.

Does the ground of this application go to the jurisdiction or authority of the Supreme Court of the District, or rather is it not an allegation of mere error? If the latter, it cannot be reviewed in this proceeding. *In re Schneider*, 148 U. S. 162, and cases cited.

In *Ex parte Bigelow*, 113 U. S. 328, 330, which was a motion for leave to file a petition for *habeas corpus*, the petitioner had been convicted and sentenced in the Supreme Court of the District to imprisonment for five years under an indictment for embezzlement. It appeared that there were pending before that court fourteen indictments against the petitioner for embezzlement, and an order of the court had directed that they be consolidated under the statute and tried together. A

jury was empanelled and sworn, and the district attorney had made his opening statement to the jury, when the court took a recess, and, upon reconvening a short time afterwards, the court decided that the indictments could not be well tried together, and directed the jury to be discharged from the further consideration of them, and rescinded the order of consolidation. The prisoner was thereupon tried before the same jury on one of the indictments and found guilty. All of this was against his protest and without his consent. The judgment on the verdict was taken by appeal to the Supreme Court of the District in general term, where it was affirmed. It was argued here, as it was in the court in general term, that the empanelling and swearing of the jury and the statement of his case by the district attorney put the prisoner in jeopardy in respect of all the offences charged in the consolidated indictment, within the meaning of the Fifth Amendment, so that he could not be again tried for any of these offences, and Mr. Justice Miller, delivering the opinion of the court, after remarking that if the court of the District was without authority in the matter, this court would have power to discharge the prisoner from confinement, said : " But that court had jurisdiction of the offence described in the indictment on which the prisoner was tried. It had jurisdiction of the prisoner, who was properly brought before the court. It had jurisdiction to hear the charge and the evidence against the prisoner. It had jurisdiction to hear and decide upon the defences offered by him. The matter now presented was one of those defences. Whether it was a sufficient defence was a matter of law on which that court must pass so far as it was purely a question of law, and on which the jury under the instructions of the court must pass if we can suppose any of the facts were such as required submission to the jury. If the question had been one of former acquittal — a much stronger case than this — the court would have had jurisdiction to decide upon the record whether there had been a former acquittal for the same offence, and if the identity of the offence were in dispute, it might be necessary on such a plea to submit that question to the jury on the issue raised by

the plea. The same principle would apply to a plea of a former conviction. Clearly in these cases the court not only has jurisdiction to try and decide the question raised, but it is its imperative duty to do so. If the court makes a mistake on such trial it is error which may be corrected by the usual modes of correcting such errors, but that the court had jurisdiction to decide upon the matter raised by the plea both as matter of law and of fact cannot be doubted. . . . It may be confessed that it is not always very easy to determine what matters go to the jurisdiction of a court so as to make its action when erroneous a nullity. But the general rule is that when the court has jurisdiction by law of the offence charged, and of the party who is so charged, its judgments are not nullities." And the application was denied.

In *Hallinger* v. *Davis*, 146 U. S. 314, 318, it was said by this court: " Upon the question of the right of one charged with crime to waive a trial by jury, and elect to be tried by the court, when there is a positive legislative enactment, giving the right so to do, and conferring power on the court to try the accused in such a case, there are numerous decisions by state courts, upholding the validity of such proceeding. *Dailey* v. *The State*, 4 Ohio St. 57; *Dillingham* v. *The State*, 5 Ohio St. 280; *People* v. *Noll*, 20 California, 164; *State* v. *Worden*, 46 Connecticut, 349; *State* v. *Albee*, 61 N. H. 423, 428." And see *Edwards* v. *State*, 45 N. J. L. 419, 423; *Ward* v. *People*, 30 Michigan, 116; *Connelly* v. *State*, 60 Alabama, 89; *Murphy* v. *State*, 97 Indiana, 579; *State* v. *Sackett*, 39 Minnesota, 69; *Lavery* v. *Commonwealth*, 101 Penn. St. 560; *League* v. *State*, 36 Maryland, 257, cited by the Court of Appeals.

Without in the least suggesting a doubt as to the efficacy, value, and importance of the system of trial by jury in criminal as well as in civil actions, we are clearly of opinion that the Supreme Court of the District had jurisdiction and authority to determine the validity of the act which authorized the waiver of a jury and to dispose of the question as to whether the record of a conviction before a judge without a jury, where the prisoner waived trial by jury according to statute, was legitimate proof of a first offence, and this being so, we

cannot review the action of that court and the Court of Appeals in this particular on *habeas corpus*.

The general rule is that the writ of *habeas corpus* will not issue unless the court, under whose warrant the petitioner is held, is without jurisdiction; and that it cannot be used to correct errors. Ordinarily the writ will not lie where there is a remedy by writ of error or appeal; but in rare and exceptional cases it may be issued although such remedy exists. We have heretofore decided that this court has no appellate jurisdiction over the judgments of the Supreme Court of the District of Columbia in criminal cases or on *habeas corpus;* but whether or not the judgments of the Supreme Court of the District, reviewable in the Court of Appeals, may be reviewed ultimately in this court in such cases, when the validity of a statute of, or an authority exercised under, the United States is drawn in question, we have as yet not been obliged to determine. *In re Chapman, Petitioner*, 156 U. S. 211. And that inquiry is immaterial here, as we have no doubt that the courts below had jurisdiction.

*Leave denied.*