### EX PARTE GUY CROFFORD.

No. 1890. Decided October 26, 1898.

**Habeas Corpus—Former Jeopardy.**

The writ of habeas corpus can not be resorted to for the purpose of discharging an applicant on a plea of former jeopardy.

APPEAL from the District Court of Montague. Tried below before Hon. D. E. BARRETT.

Appeal from a judgment remanding relator to custody upon a habeas corpus hearing.

On July 14, 1897, applicant was indicted by the grand jury of Montague County for the murder of Earnest (Pete) McDaniel. Upon this indictment a capias was duly issued and the applicant arrested by the sheriff of said county and brought before the court, then in session. On the 9th day of August following, the case having been set by the court for trial upon that day, and a special venire having been ordered and appearing, the applicant was arraigned upon said indictment and pleaded not guilty thereto; a jury was regularly impaneled, the indictment read to them, and the applicant's plea of not guilty put in by him; the testimony of the State and of the applicant was offered, and the case argued by counsel before the jury. At about 10 o'clock p. m. on August 10th the jury were charged by the court and retired to consider of their verdict. They remained in charge of an officer until 8 o'clock on the morning of the 12th of August, at which time they were brought before the court, who thereupon questioned them as to the probability of their agreeing upon a verdict. Upon their answers they were by the court discharged from further service in the case, and the court within a minute or two adjourned court for the term, said term lacking some two weeks of having expired by law. At the time the said jury were interrogated and discharged and the court adjourned, applicant was not present in court, but was absent in the custody of respondent, J. W. Raines, sheriff

of Montague County, locked in the county jail some 100 yards from where said proceedings were had. He did not in any manner consent or agree to any of said proceedings, and knew nothing of the discharge of said jury until after they were discharged and dispersed and the court adjourned. Neither of his counsel consented or agreed to any of said proceedings. Upon discharging the said jury the court made an order remanding applicant to the custody of respondent, and holding him for further prosecution therein.

On the 10th day of October, 1898, the applicant being still in the custody of respondent upon said charge, applied to Hon. D. E. Barrett, judge of the District Court of said county, for a writ of habeas corpus, setting forth the foregoing facts, which was by the court granted, and the hearing of said cause set for the same day. Upon a hearing, the district judge admitted applicant to bail in the sum of $3000, and in default of such bail remanded him to the custody of respondent. From this order, made in vacation, applicant has appealed to this court, and seeks his discharge, he being still in the custody of respondent.

J. M. *Chambers*, G. F. *Thomas*, and *Ocie Speer*, for relator, cited Rudder v. State, 29 Texas Crim. App., 262; Bell v. State, 24 S. W. Rep., 418; Wright v. State, 35 Texas Crim. Rep., 158; Upchurch v. State, 36 Texas Crim. Rep., 624; Mosely v. State, 33 Texas, 671; State v. Wilson, 50 S. W. Rep., 487; State v. Somers (Minn.), 61 N. W. Rep., 907; 9 Am. and Eng. Enc. of Law, 657.

*Mann Trice*, Assistant Attorney-General, for respondent, cited Schindler v. State, 17 Texas Crim. App., 412; Varnes v. State, 20 Texas Crim. App., 107; Penn v. State, 36 Texas Crim. Rep., 140.

DAVIDSON, JUDGE.—Relator was placed upon trial before a jury in the District Court of Montague County on a charge of murder. The jury retired to consider their verdict on the 10th of August. On the morning of the 12th, in the absence of the defendant, the jury was brought into court, and discharged from further consideration of the case. It is shown by the judgment of the court that the court adjudicated the question as to the probability of their agreeing to a verdict. The defendant was not present, and was not consulted in regard to the discharge of the jury; in fact, he was in jail at the time. He resorted to the writ of habeas corpus for the purpose of seeking his discharge on the ground that he had been placed in jeopardy, and could not be tried again, and this was the only ground relied on by relator. The court, upon the hearing of the writ, remanded relator to custody, and this appeal is prosecuted therefrom.

This is not a novel question in Texas. Since the case of Perry v. State, 41 Texas, 488, the decisions have been uniform that the writ of habeas corpus can not be resorted to for the purpose of discharging an

applicant on a plea of former jeopardy.  See also Darrah v. Westerlage, 44 Texas, 388; Ex Parte Scwartz, 2 Texas Crim. App., 74; Griffin v. State, 5 Texas Crim. App., 457.  The judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.