Ex parte CHADWICK.

(Circuit Court, N. D. California. February 13, 1908.)

No. 14,607.

1. HABEAS CORPUS—FEDERAL COURTS—REVIEW OF STATE COURT'S JUDGMENT.

The United States Circuit Court will not, on application for a writ of habeas corpus, review a judgment of a state court convicting one of crime on an objection that the judgment is void and that his detention thereunder is a deprivation of liberty without due process of law, in violation of the federal laws and Constitution, the judgment having been affirmed by the state appellate court, where the remedy by writ of error from the United States Supreme Court to review the judgment of the state court has not been exhausted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Habeas Corpus, §§ 38–45.

Jurisdiction of federal courts in habeas corpus proceedings, see note to In re Huse, 25 C. C. A. 4.]

2. COURTS—WRIT OF ERROR FROM FEDERAL SUPREME COURT—APPLICATION—TO WHOM MADE.

Under Rev. St. U. S. § 999 [U. S. Comp. St. 1901, p. 712], providing that, when a writ of error is issued by the United States Supreme Court to a state court, the citation shall be signed by the Chief Justice, etc., of such court, rendering the judgment complained of, or by a justice of the United States Supreme Court, etc., one's remedy to review a state court judgment in the United States Supreme Court is not exhausted by a refusal of his application to a justice of the state court for a writ of error from the United States Supreme Court; but, on such refusal, application must be made to a justice of the latter court before the remedy is exhausted.

William Hoff Cook, Asst. Dist. Atty., for city and county of San Francisco.

Frank J. Murphy, for petitioner.

VAN FLEET, District Judge. This is an application by the petitioner for the writ of habeas corpus to discharge him from the custody of the state authorities, by whom he is held in confinement under a judgment of the superior court of the city and county of San Francisco convicting him of a felony and adjudging him to suffer imprisonment in the state prison. In the view I take, it will be unnecessary to recite the facts set forth in the petition further than to state that, basing his claim upon certain alleged defects in the proceedings of the state court, the petitioner's contention is that the judgment is void, as in excess of the jurisdiction of the court, and that his detention thereunder is in violation of the Constitution and laws of the United States, as involving a deprivation of his liberty without due process of law. Having taken an appeal upon this ground to the appellate court of the state, where the judgment was affirmed, and thereafter made application to the presiding justice of the last-named court for a writ of error from the Supreme Court of the United States, which was refused, he makes this application.

Without inquiring into the merits of the question raised by the petitioner as to the validity of the judgment complained of, I am constrained to hold, under the principles announced in Ex parte Collins (C. C.) 154 Fed. 980, that upon the facts stated the petitioner's ap-

propriate remedy is by writ of error from the Supreme Court of the United States to review the judgment of the state court, and that he must be referred to that remedy. See, also, In re Frederich, 149 U. S. 77, 13 Sup. Ct. 793, 37 L. Ed. 653. It very clearly appears, from the doctrine of the case last cited and those referred to therein, that it may now be regarded as the settled policy of the federal courts not to interfere by habeas corpus with the prosecution of criminal offenses in the state courts in any instance—other than certain recognized exceptions, of which this case is not one—where the remedy by writ of error may be invoked; and having regard to the more or less intricate, and at times somewhat delicate, questions of jurisdiction arising between the states and the United States, growing out of the dual system of government provided for in the Constitution, the general soundness of the considerations underlying this policy may not well be questioned. It is not a question of power that actuates this attitude on the part of the federal courts, but a rule of comity, the reasons for which are aptly stated in the case of Frederich, above cited, where, after referring approvingly to the leading case of Ex parte Royall, 117 U. S. 241, 6 Sup. Ct. 734, 29 L. Ed. 868, in which it was held that the Circuit Court has the discretion in cases like the one at bar, instead of granting the writ of habeas corpus, to require a petitioner to pursue his alternative remedy by writ of error, it is said:

"In the recent case of In re Wood, 140 U. S. 278, 290, 11 Sup. Ct. 738, 35 L. Ed. 505, after reaffirming the rule laid down in Ex parte Royall, the court added: 'After the final disposition of the case by the highest court of the state, the Circuit Court, in its discretion, may put the party who has been denied a right, privilege, or immunity claimed under the Constitution or laws of the United States to his writ of error from this court, rather than interfere by writ of habeas corpus.' We adhere to the views expressed in that case. It is certainly the better practice, in cases of this kind, to put the prisoner to his remedy by writ of error from this court, under section 709 of the Revised Statutes [U. S. Comp. St. 1901, p. 575], than to award him a writ of habeas corpus; for, under proceedings by writ of error, the validity of the judgment against him can be called in question, and the federal court left in a position to correct the wrong, if any, done the petitioner, and at the same time leave the state authorities in a position to deal with him thereafter, within the limits of proper authority, instead of discharging him by habeas corpus proceedings, and thereby depriving the state of the opportunity of asserting further jurisdiction over his person in respect to the crime with which he is charged."

These principles are peculiarly applicable to the case of the petitioner here. It is not contended that the superior court was without original jurisdiction in the case; but the claim is that in the course pursued it exceeded its jurisdiction and thereby rendered a void judgment. It is therefore obvious that if, upon a writ of error, the Supreme Court should sustain the petitioner's contention, it would be within the power of the court to remand the cause to the state court with such appropriate direction as would enable it to proceed, and in a way to avoid a further transgression of petitioner's rights; whereas, were this court required to discharge the petitioner upon habeas corpus, that opportunity would be entirely swept away.

Petitioner has evidently proceeded upon the theory that, having applied to the presiding justice of the state appellate court and been there

refused the writ of error, he has done all that he is called upon to do in pursuit of that remedy, and that that fact takes the case out of the rule of Ex parte Collins, supra, where the application for habeas corpus was made after the writ of error had been allowed. But a glance at the statute providing for the granting of the writ will show that in this view petitioner is in error. Section 999, Rev. St. [U. S. Comp. St. 1901, p. 712], provides that, when the writ "is issued by the Supreme Court to a state court, the citation shall be signed by the Chief Justice, or judge, or chancellor, of such court, rendering the judgment or. passing the decree complained of, or by a justice of the Supreme Court of the United States," etc. In order, therefore, to show such compliance with the statute as to exhaust his remedy thereunder, it must appear that application has been made to the different functionaries or tribunals authorized therein to grant the writ. It does not appear that any such application has been made in this case to the Supreme Court of the United States, or any justice thereof, and in this respect, therefore, the remedy remains. The rule of convenience suggested by the late Judge Sawyer in In re Ah Jow (C. C.) 29 Fed. 181, finds no sanction in, but is distinctly at variance with, the principles of In 're Frederich and the cases there discussed; nor, under existing facilities, is there much, if any, greater hardship involved in making an application to the Supreme Court than in making one here.

For the reasons stated, the application for the writ must be denied, and the petition dismissed; and it is so ordered.