*Ex parte* B. M. JOHNSON.

No. A. 20.   Opinion Filed October 16, 1908.

(97 Pac. 1023.)

1.    TRIAL—Variance—Discharge of Jury—New Indictment. Where, upon the trial of a case, it appears to the court that there is a variance between the allegations of the indictment or information and the testimony introduced, and the jury is discharged upon this ground, and it is the opinion of the court that a new indictment or information can be framed upon which the defendant can be legally convicted, it is the duty of the court to commit the defendant to custody, or to admit him to bail until such new indictment or information can be presented against him.

2.    HABEAS CORPUS—Grounds—Former Jeopardy. The writ of habeas corpus cannot be resorted to for the purpose of discharging an applicant on a plea of former jeopardy.

(Syllabus by the Court.)

Application of B. M. Johnson for writ of *habeas corpus.* Writ denied.

*F. S. Winn,* for petitioner.—

On the question of former jeopardy: *Bell v. State,* 44 Ala. 393; *Scott v. State,* 110 Ala. 48; *People v. Cades,* 48 Cal. 323; *Morgan v. State,* 13 Ind. 215; *Boswell v. State,* 111 Ind. 47; *In re McClosky,* 2 Okla. 577; *Williams v. State,* 42 Ark. 35; *Lee v. State,* 26 Ark. 260; *People v. Taylor,* 117 Mich. 583; *Mixon v. State,* 55 Ala. 129.

On the question of whether *habeas corpus* is the proper remedy: *Neilson, petitioner,* 131 U. S. 176; *In re Snow,* 120 U. S. 274; *People v. Stevens,* 79 Cal. 428; 31 Kan. 511.

*Charles R. Bostick* and *W. C. Reeves,* Assistant Attorney General, for respondent:—

On the question of the court's power to issue order of commitment: Wilson's Rev. & Ann. St. 1903, § 5508. *Habeas corpus* cannot be resorted to for the purpose of discharging defendant on ground of former jeopardy: *Miller v. Case,* (Kan. App.) 51 Pac. 922; *In re Terrell* (Kan.) 49 Pac. 158, *State v. Klock,* (La.) 12 South. 307; *Pitner v. State,* 44 Tex. 578; *Ex parte Crofford,* (Tex. Court Crim. App.) 47 S. W. 533; *In re Barton,* (Utah) 21 Pac. 998; *Steiner v. Nerton,* (Wash.) 32 Pac. 1063.

FURMAN, PRESIDING JUDGE. On the 6th day of October, 1908, petitioner, B. M. Johnson, was placed upon trial in the district court of Noble county, Okla., upon an information filed against him by the county attorney of said county, wherein the said B. M. Johnson was charged with the offense of obtaining money under false pretenses. The defendant entered a plea of not guilty. A jury was impaneled and sworn, and the state proceeded to introduce its evidence; but, before the state had concluded its evidence in chief, the county attorney moved to dismiss the cause, and requested that the defendant be held to answer to the charge of obtaining the signature of E. J. Miller to a written instrument designedly and by false representations, with intent to cheat and defraud him, the said E. J. Miller. Thereupon

the court ordered that said cause be dismissed, and that the said defendant, B. M. Johnson, be remanded into the custody of the sheriff of Noble county, Okla.; and the county attorney was ordered to file, in the county court of Noble county, a complaint against the said B. M. Johnson for the said charge of obtaining the signature of E. J. Miller to a written instrument designedly and by false representations, with intent to cheat and defraud the said E. J. Miller, and that said defendant be proceeded against as directed by law. To all of which rulings and orders the defendant duly excepted.

On the 8th day of October, 1908, the defendant applied to this court for a writ of *habeas corpus,* alleging that the order of the trial court committing him to the custody of the sheriff of Noble county, pending the filing of a complaint against him, was without authority of law, and that he was entitled to his liberty. In order that this question might be decided and set at rest the writ was issued as prayed for. The presence of the defendant and of the sheriff of Noble county in this court was waived by stipulation of counsel on both sides and the matter was set for hearing on the 13th instant.

In his answer to the writ of *habeas corpus* the sheriff set up the matters hereinbefore stated, and further stated that on the 9th day of October, 1908, complaint was filed before the county judge of Noble county, in which the defendant was charged with having obtained the signature of E. J. Miller to a written instrument designedly and by false representations, with intent to cheat and defraud the said E. J. Miller, and that on said date commitment was issued out of said county court of Noble county commanding said sheriff to hold the defendant upon said charge, to await the further action of the court; that in the 10th day of October the defendant appeared before said judge, and entered his plea of not guilty, and that the bail of said defendant was fixed by said judge in the sum of $500, in default of which the defendant was committed to the custody of said sheriff. It further appears that by agreement of counsel said cause before said judge was set for preliminary hearing on the 15th day of

October, 1908, and that the defendant is now in the custody of the sheriff of Noble county awaiting said trial.

It is contended, by counsel for the defendant, that the proceedings, which are now pending before said county judge of Noble county, are for one and the same offense as that upon which he was previously placed upon trial in the district court of said county, and that this court should order his release upon the ground of former jeopardy. This presents two questions for determination, viz.: First. Did the district court of Noble county have the power to make the order committing defendant to custody, pending the filing of a new complaint against him? Second. Can the question of former jeopardy be considered upon a hearing on *habeas corpus?* We will now consider these questions in order named.

First. Section 5508 of Wilson's Revised & Annotated Statutes of Oklahoma of 1903 is as follows:

"If the jury be discharged because the facts as charged do not constitute an offense punishable by law, the court must order that the defendant, if in custody, be discharged therefrom, or if admitted to bail that the bail be exonerated, or if he have deposited money instead of bail, that the money deposited be refunded to him, unless in its opinion a new indictment can be framed, upon which the defendant can be legally convicted, in which case it may direct that the case be resubmitted to the same or another grand jury."

From this it is clear that the trial court had the power to direct that the case be resubmitted to the same or another grand jury. The grant of power to do a certain thing necessarily carries with it the power to do all things which are necessary to the full accomplishment of the purpose had in view in granting the original power. To say that the court can direct a resubmission of a case to a subsequent grand jury, but is without power to hold the defendant in custody, or on bail, to answer an indictment which may be found, is to so construe the law as to result in its defeat, and thus render it absurd and abortive. It is a familiar principle of law that a statute must never be so construed as to defeat the plain purpose which it has in view. We, there-

fore, hold that it was the duty of the court to direct that the defendant should be held until another prosecution could be instituted. If the defendant requests bail pending the institution of the new prosecution, the court should fix the amount to be given. The evident purpose of section 5508, Wilson's Rev. & Ann. St. Okla. 1903, was that in the cases therein provided for the defendant might be held until he could be legally proceeded against. To construe this section otherwise would be to place form above substance.

Second. Can the plea of former jeopardy be heard on *habeas corpus* proceedings? It is an elementary principle of law, of universal acceptance, that mere errors or irregularities, which do not render the proceedings void, are not ground for relief by *habeas corpus*. We have an authority directly in point to the question now under consideration in the case of *In re Belt,* 159 U. S. 95, 15 Sup. Ct. 987, 40 L. Ed. 88. The petition for the writ set up former jeopardy as the ground upon which the petitioner sought to be released from custody. The Supreme Court says: "The general rule is that the writ of *habeas corpus* will not issue unless the court under whose warrant the petitioner is held is without jurisdiction, and that it cannot be used to correct errors." It then held that the lower court had jurisdiction, and the writ was denied. In *Whitten v. Tomlinson,* 160 U. S. 231, 16 Sup. Ct. 297, 40 L. Ed. 406, the writ was sought also upon the ground of former jeopardy. Referring to this plea, the court said: "Whatever effect it might have if pleaded to a subsequent indictment affords no ground for his discharge on *habeas corpus.*" In the case of *Ex parte Crofford,* 39 Tex. Cr. R. 547, 47 S. W. 533, the court says: "The decisions have been uniform that the writ of *habeas corpus* cannot be resorted to for the purpose of discharging an applicant on a plea of former jeopardy."

We could cite authority without limit to sustain the proposition that a petitioner cannot be discharged on *habeas corpus* upon the plea of former jeopardy, but do not deem it necessary to do so. The district court of Noble county had jurisdiction of

the offense charged and of the prisoner. It has jurisdiction to hear and decide upon the defenses offered by him. As to whether the defense now relied upon is good involves questions both of law and of fact. The trial court should pass upon the questions of law. A jury, under the instructions of the trial court, should pass upon the questions of fact involved. As the identity of the two alleged offenses is in question, this must go to the jury.

The relief prayed for cannot be granted.

BAKER and DOYLE, JUDGES, concur.