## Ex parte BLODGETT.

(District Court, N. D. Iowa, C. D. June 17, 1911.)

HABEAS CORPUS (§ 45*)—FEDERAL COURTS—PROCEEDINGS FOR DISCHARGE OF STATE PRISONERS.

It is the settled rule of the federal Supreme Court that a writ of habeas corpus will not ordinarily be issued to review the decisions of courts of competent jurisdiction, made within the limits of their jurisdiction, even though such decisions may be erroneous, and a defendant, convicted of a crime by a state court of competent jurisdiction, which conviction has been affirmed by the Supreme Court of the state, will not be released from imprisonment thereunder by a federal court on a writ of habeas corpus, on the ground that he is deprived of his liberty without due process of law, because of the overruling of a plea of former acquittal; his remedy being by writ of error from the Supreme Court of the United States, if he claimed the right under the Constitution in the state courts.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 38–45; Dec. Dig. § 45.*

Jurisdiction of federal courts, see note to In re Huse, 25 C. C. A. 4.]

Petition by D. T. Blodgett for writ of habeas corpus. Petition denied.

See, also, 143 Iowa, 578, 121 N. W. 685.

The Attorney General, for the State of Iowa.

REED, District Judge. A petition for writ of habeas corpus is presented to the court in behalf of D. T. Blodgett, who, it is alleged, is unlawfully restrained of his liberty by the warden of the Iowa State Reformatory at Anamosa. The facts as alleged in the petition for the writ are:

That in September, 1907, the said D. T. Blodgett, who will be called the petitioner, was indicted by the grand jury of Boone county, Iowa, for uttering and publishing as true in that county, with intent to defraud a corporation named, a certain written instrument purporting to be an order for the payment of $116 in money drawn by the officers of a school corporation of Polk county, Iowa, to be paid from the contingent fund of such school corporation, but whose signatures to such instrument were forged, in violation of section 4854 of the Code of Iowa of 1897. To this indictment the petitioner pleaded that he was not guilty, and upon a trial before a jury in the district court of Iowa in and for said Boone county he was acquitted. Afterwards, and some time in the year 1908, the petitioner was indicted by the grand jury of Polk county, Iowa, with having feloniously forged, with intent to defraud, in violation of section 4853 of the Iowa Code, the names of the school officers signed to the writing or order that he was charged with having unlawfully uttered and published as true in the Boone county indictment. Upon this indictment the prisoner was duly arraigned in the district court of Iowa in and for Polk county, and to that indictment he pleaded: (1) The indictment in Boone

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

county, and his acquittal upon the trial thereof, in bar of the indictment for forging the instrument; and (2) not guilty.

To the first plea, or the plea of former acquittal, the state demurred upon the ground that the offense charged in the Boone county indictment was not the same offense charged in the indictment in Polk county. This demurrer was sustained The petitioner then asked that the question of his prior acquittal upon the Boone county indictment be submitted to the jury for determination, which was denied by the district court. He was then placed upon trial before a jury upon his plea of not guilty, and upon such trial he was convicted and sentenced to a term of years in the Iowa Penitentiary at Fort Madison, from which he was afterwards transferred to the Iowa Reformatory at Anamosa, for some reason not stated in the petition. From this judgment, the petitioner appealed to the Supreme Court of Iowa, upon errors assigned, which court on June 9, 1909, affirmed the judgment of the district court, and denied a petition for rehearing September 24th following. State v. Blodgett, 143 Iowa, 578, 121 N. W. 685. It is from the imprisonment under this judgment of conviction that the petitioner seeks relief by this proceeding.

The petitioner is not represented by counsel in this court, but files in his own behalf a typewritten brief or argument, in which he contends that in sustaining the demurrer of the state to his plea of former acquittal, and the denial of his demand for a jury trial upon that plea, the district and Supreme Courts of the state have deprived him of his liberty without due process of law, in violation of the federal Constitution.

It is the settled rule of the federal Supreme Court that the writ of habeas corpus will not ordinarily be issued to review the decisions of courts of competent jurisdiction, made within the limits of their jurisdiction, even though such decisions may be erroneous; in other words, that the writ shall not be made to perform the function of a writ of error. Ex parte Parks, 93 U. S. 18, 23 L. Ed. 787; In re Lennon, 166 U. S. 548–552, 17 Sup. Ct. 658, 41 L. Ed. 1110; Craemer v. Washington, 168 U. S. 124–128, 18 Sup. Ct. 1, 42 L. Ed. 407; Storti v. Massachusetts, 183 U. S. 138, 22 Sup. Ct. 72, 46 L. Ed. 120. And no facts are alleged that bring the case within the exception to this rule.

That the district court of Iowa had full and complete jurisdiction of the offense charged against the petitioner in the Polk county indictment, and that the Supreme Court of the state had full jurisdiction upon appeal to review the judgment of the district court, and affirm the same, or reverse it for error of the district court, cannot be successfully controverted. If, then, the district court erred in the trial of the defendant upon the Polk county indictment, and if the Supreme Court erred in its affirmance of that judgment (and by that it is not intended to intimate that it did), that furnishes no grounds for releasing the petitioner from the sentence imposed upon him by the state court. In re Converse, 137 U. S. 624–630, 11 Sup. Ct. 191, 34 L. Ed. 796; Storti v. Massachusetts, 183 U. S. 138, 22 Sup. Ct. 72, 46 L. Ed. 120, supra.

The Supreme Court of Iowa has held, however, that the offense of uttering and publishing as true a forged instrument with intent to defraud, is a distinct and separate offense from the forging of the same instrument (State v. McCormack, 56 Iowa, 585, 9 N. W. 916), and again so held in the case against this petitioner.

Whether or not the petitioner claimed the benefit of any right or privilege under the federal Constitution or any law of the United States in the trial in the state court need not now be considered, for, if he did, it was determined against him, and his remedy was by writ of error from the Supreme Court of the United States to the Supreme Court of the state of Iowa, under section 709, Rev. Stats. (U. S. Comp. St. 1901, p. 575). Speis v. Illinois, 123 U. S. 131, 8 Sup. Ct. 22, 31 L. Ed. 80. He cannot, therefore, have the judgment of the state court reviewed for error in its proceedings, if any, by the federal court upon habeas corpus.

The petition for the writ is therefore denied.