# Ex parte JULIUS ZELIGSON.

No. A-7462.   Opinion Filed April 5, 1930.
(287 Pac. 731.)

A. F. Moss, H. R. Young, and C. A. Warren, for petitioner.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen. (B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, of counsel), for respondent.

EDWARDS, P. J.   This is an original proceeding in habeas corpus.   Petitioner alleges that he is illegally restrained of his liberty by the warden of the state peniten-

tiary at McAlester; that said restraint is under a commitment issued upon a judgment and sentence of the district court of Noble county; that said commitment is void, for the reason that petitioner, in the district court of Noble county on November 30, 1925, was charged by information with grand larceny; that he was tried in March, 1926, and at the close of the state's case petitioner demurred to the evidence and requested an instructed verdict; that the court then instructed the jury to return a verdict of not guilty, and they were placed in charge of the bailiff and retired. They later returned, and informed the court that they could not reach a verdict and were discharged from further consideration of the case without objection from petitioner; that on December 8, 1926, the case again came on for trial. The jury was impaneled, the case was again tried, and a verdict was returned finding petitioner guilty and assessing his punishment at three years in the state penitentiary. The second trial was upon the issue raised by the plea of not guilty, and no plea of former jeopardy was made. An appeal from such conviction was duly taken to, and affirmed by this court. Zeligson v. State, 43 Okla. Cr. 24, 276 Pac. 791. In the appeal to this court no contention of former jeopardy was made.

Petitioner asserts that he now claims and relies upon the right and immunities guaranteed under the Fifth Amendment to the Federal Constitution, and disclaims any rights or immunities under the state Constitution. He argues that the action of the trial court in the trial of March, 1926, was an acquittal, and the subsequent judgment is therefore void and a legal nullity, and may be relieved against by habeas corpus, although the plea of former jeopardy was not made; it being petitioner's theory that, after an acquittal, the court thereafter was without any jurisdiction to ever again try petitioner on the same

charge, citing various authorities, among them, In re Nielsen, 131 U. S. 176, 9 S. Ct. 672, 33 L. Ed. 118; Bens v. U. S. (C. C. A.) 266 F. 152; Ex parte Glenn (C. C.) 111 F. 257; Ex parte O'Connor, 80 Cal. App. 647, 252 Pac. 730; Ex parte Bornee, 76 W. Va. 360, 85 S. E. 529, L. R. A. 1915F, 1093; Ex parte Davis, 48 Tex. Cr. R. 644, 89 S. W. 978, 122 Am. St. Rep. 775. Other decisions are also cited, which petitioner asserts in some measure sustain his contention.

This court is committed to the doctrine that former jeopardy and former conviction, to be made available as a plea to bar a further prosecution, must be presented in the trial court, the overruling of such plea being error reviewable by direct attack by an appeal and that the judgment of conviction after jeopardy is a voidable judgment as distinguished from a void judgment; that former jeopardy may be waived by a defendant, and is waived, when not interposed in the trial court or raised in the course of the trial. Petitioner admits that this is the rule announced by the decisions of this court and of many other states, but contends that in so holding the courts are in error; and, while the trial court in this case had jurisdiction of the person of petitioner and of the subject-matter, it lacked the third necessary element to a valid criminal judgment, that is, jurisdiction to render the particular judgment.

Section 21, art. 2 (Bill of Rights), State Constitution, forbids that any person be twice put in jeopardy for the same offense.

Section 2713, Comp. St. 1921, provides:

"If, at any time after the evidence on either side is closed, the court deem it insufficient to warrant a conviction, it may advise the jury to acquit the defendant. But

the jury are not bound by the advice, nor can the court, for any cause, prevent the jury from giving a verdict."

The action of the court in the trial apparently was an attempt to follow this statute. Sections 2617 and 2619, Comp. St. 1921, provide for the plea of former jeopardy. But, since petitioner expressly disclaims any right under the state Constitution, but relies entirely upon the Fifth and Fourteenth Amendments to the Constitution of the United States, we consider his contention in reference to those amendments.

It appears to be well settled that the Fifth Amendment to the Federal Constitution, along with the other of the first ten amendments does not limit the state governments, but operates on the national government alone. The Fourteenth Amendment merely prohibits a state from depriving any person of due process of law, and guarantees the equal protection of the law. In Ex parte Spies, 123 U. S. 131, 8 S. Ct. 22, 24, 31 L. Ed. 80, the court, speaking through Mr. Chief Justice Waite, said:

"The first 10 articles of amendment were not intended to limit the powers of the state governments in respect to their own people, but to operate on the national government alone, was decided more than a half century ago, and that decision has been steadily adhered to since, * * *" citing many authorities.

See, also, Charles L. Maxwell v. Geo. N. Dow, as Warden, etc., 176 U. S. 581, 20 S. Ct. 448, 494, 44 L. Ed. 597; Anderson v. State, 8 Okla. Cr. 90, 126 Pac. 840, Ann. Cas. 1914C, 314. Several of the cases cited by petitioner hardly bear out his claim. The Nielsen Case, supra, was a prosecution under the federal statute in the Federal District Court of the Territory of Utah, and, as the procedure was under the Federal Constitution, the Fifth Amendment did apply. The plea of former conviction was in fact made in that case.

Due process of law means the law of the land, and in a criminal case in a state court simply means that the trial shall be in accordance with the laws of the state; that is, in a court of competent jurisdiction, before an impartial judge and jury or before a judge without a jury, upon a proper accusation by indictment or information as the law may provide, which charges the accused with the violation of some state law, of which charge he must have notice in time to prepare for trial, the trial to be according to established procedure and the established rules of evidence, and any punishment to be inflicted to be as authorized by law. Even if we should concede that the record discloses a case of former jeopardy, it is also well settled by many decisions of this court and courts of the other states and the federal courts that the plea of former jeopardy is a personal privilege which must be made in the trial court or appear at the trial in the first instance. That such plea may be waived, and, if not so presented, is waived. Where not pleaded in the first instance, it cannot thereafter be raised by habeas corpus. The following cases sustain the law as stated in whole or in part:

In Ex parte Johnson, 1 Okla. Cr. 286, 97 Pac. 1023, 1024, 129 Am. St. Rep. 857, it is said:

"* * * Second. Can the plea of former jeopardy be heard on habeas corpus proceedings? It is an elementary principle of law, of universal acceptance, that mere errors or irregularities, which do not render the proceedings void, are not ground for relief by habeas corpus. We have an authority directly in point to the question now under consideration in the case of In re Belt, 159 U. S. 95, 15 S. Ct. 987, 40 L. Ed. 88. The petition for the writ set up former jeopardy as the ground upon which the petitioner sought to be released from custody. The Supreme Court says: 'The general rule is that the writ of habeas corpus will not issue unless the court under whose warrant the petitioner is held is without jurisdiction, and that

it cannot be used to correct errors.' It then held that the lower court had jurisdiction, and the writ was denied. In Whitten v. Tomlinson, 160 U. S. 231, 16 S. Ct. 297, 40 L. Ed. 406, the writ was sought also upon the ground of former jeopardy. Referring to this plea, the court said: 'Whatever effect it might have if pleaded to a subsequent indictment affords no ground for his discharge on habeas corpus.' In the case of Ex parte Crofford, 39 Tex. Cr. R. 547, 47 S. W. 533, the court says: 'The decisions have been uniform that the writ of habeas corpus cannot be resorted to for the purpose of discharging an applicant on a plea of former jeopardy.' "

To the same effect is Ex parte Wood, 21 Okla. Cr. 252, 206 Pac. 541. In the case of White v. State, 23 Okla. Cr. 198, 214 Pac. 202, 205, it was said:

"Where a constitutional right is for the sole benefit of the accused, in the nature of a privilege, that right may be waived by express consent, or by implication from conduct indicative of consent, or by a failure to claim or assert the right in seasonable time."

This latter case was cited with approval by the Circuit Court of Appeals in the case of Levin v. U. S. (C. C. A.) 5 F. (2d) 598. See, also, Blair v. White (C. C. A.) 24 F. (2d) 323; Ex parte Chadwick (C. C.) 159 F. 576; Ex parte Blodgett (D. C.) 192 F. 77; Ex parte Spencer, 228 U. S. 652, 33 S. Ct. 709, 57 L. Ed. 1010; U. S v. Cruikshank et al., 92 U. S. 542, 23 L. Ed. 588.

Upon a consideration of the entire case we are of the opinion that, where a trial judge, under the provisions of sections 2617, 2619 and 2713, Comp. St. 1921, advises the jury to return a verdict of not guilty, they are not bound by the advice, but may return a verdict of guilty or may report a disagreement, and the discharge of such jury because they are unable to agree does not constitute former jeopardy. Kent v. State, 8 Okla. Cr. 188, 126 Pac. 1040.

We are further of the opinion that a claim of jeopardy is a personal privilege which may be waived, and such waiver may be either express or implied, and is implied by conduct indicating consent or by failure to claim or assert the right in seasonable time. It follows that the writ should be, and it is, denied.

DAVENPORT and CHAPPELL, JJ., concur.