## Ex parte KIRK.

No. A-11855.   Jan. 14, 1953.

(252 P. 2d 1032.)

Willard Gotcher, McAlester, for petitioner.

Lewis A. Wallace, Asst. Atty. Gen., for respondent.

JONES, J. This is an original action in habeas corpus instituted by the petitioner, Bill Kirk, to secure his release from confinement in the penitentiary.

The verified petition alleges that on May 21, 1941, while the petitioner was an inmate of the Oklahoma State Penitentiary, by virtue of a commitment issued out of the district court of Tulsa county, he did escape from said penitentiary and was returned to the penitentiary on April 3, 1942; that thereafter, pursuant to the authority vested in the prison authorities by statute, 21 O.S. 1951 § 443a, the warden of the State Penitentiary charged the petitioner with violating the rules and regulations of the penitentiary and sentenced him to serve six months as a third class prisoner, put the accused in stripes and assigned him to what was known as the number one gang; that on May 2, 1945, while the prisoner was still an inmate of the Oklahoma State Penitentiary, he again escaped from the penitentiary and was a refugee until November 12, 1948, at which time he was returned to the State Penitentiary; that on November 13, 1948, the warden of the State Penitentiary found the petitioner guilty of violating the rules and regulations of the penitentiary and entered an order reducing him to a prisoner third class and placed on high indefinitely.

That by reason of the escape of the prisoner from the penitentiary on May 21, 1941, he was charged in the district court of Pittsburg county with the crime of escape under the statute, 21 O.S. 1941 § 443; that the petitioner entered his plea of guilty to said charge and was by the district court sentenced to serve two years imprisonment in the penitentiary; that subsequent to his return to the penitentiary in 1948 he was charged with the crime of escape from the penitentiary and thereafter entered his plea of guilty to said crime and was sentenced on September 1, 1949, to serve a term of two years imprisonment for said offense.

That each of the times he was adjudged guilty of violating the rules and regulations by the warden of the penitentiary and given punishment for his conduct amounted to a sentence under the law, and that his subsequent sentence by the district court constituted placing the accused twice in jeopardy for the same offense contrary to article 2, section 21 of the Oklahoma Constitution, and that the judgment and sentence in each of said cases were void for this reason and the petitioner was entitled to his discharge from imprisonment on such account.

The Attorney General has filed a demurrer to the information. In the case of Ex parte Zeligson, 47 Okla. Cr. 45, 287 P. 731, this court held:

"Constitutional immunity from second jeopardy is a personal privilege for the sole benefit of the accused. It may be waived by express consent or by implication from conduct indicative of consent or by failure to claim or assert the right in seasonable time."

"The writ of habeas corpus cannot be resorted to for the purpose of discharging a petitioner on the gound of former jeopardy. Such plea must be presented in the trial court, and, if the decision of such court is adverse to the accused, the remedy is by appeal and not by habeas corpus."

In the body of the opinion it is stated:

"This court is committed to the doctrine that former jeopardy and former conviction, to be made available as a plea to bar a further prosecution, must be presented in the trial court, the overruling of such plea being error reviewable by direct attack by an appeal and that the judgment of conviction after jeopardy is a voidable judgment as distinguished from a void judgment; that former jeopardy may be waived by a defendant, and is waived, when not interposed in the trial court or raised in the course of the trial. * * *

"Even if we should concede that the record discloses a case of former jeopardy, it is also well settled by many decisions of this court and courts of the other states and the federal courts that the plea of former jeopardy is a personal privilege which must be made in the trial court or appear at the trial in the first instance. That such plea may be waived, and if not so presented, is waived. Where not pleaded in the first instance, it cannot thereafter be raised by habeas corpus. The following cases sustain the law as stated in whole or in part: * * * Ex parte Johnson, 1 Okla. Cr. 286, 97 P. 1023, 1024, 129 Am. St. Rep. 857 * * * Ex parte Wood, 21 Okla. Cr. 252, 206 P. 541. * * * White v. State, 23 Okla. Cr. 198, 214 P. 202, 205".

The above decisions would effectively dispose of this action; however, there is an even more pertinent reason why the petitioner is not entitled to relief. The order of the warden of the penitentiary taking away certain of the rights and privileges of the prisoner because of an infraction of the rules of the penitentiary did not constitute the placing of the accused in jeopardy as contemplated by the constitutional provision herein relied upon. The warden did not attempt to add an additional sentence to the accused and was not acting as a court in determining whether the accused had violated the rules and regulations of the penitentiary. The warden of the penitentiary is necessarily vested with authority to provide rules and regulations for the conduct of the inmates of the institution in order to maintain and preserve order. His regulations must be reasonable and any orders made pertaining to a prisoner must not constitute cruel and unusual punishment under the provisions of the statute, 21 O.S. 1951 § 433a.

The term jeopardy as used in the constitution has been defined in many cases. In one of the very early cases this court held:

"Jeopardy, in its constitutional and common-law sense, has a strict application to criminal prosecutions only; and the word 'jeopardy,' as used in the Constitution, signifies the danger of conviction and punishment which the defendant in a criminal prosecution incurs when put upon trial before a court of competent jurisdiction under an indictment or information sufficient in form and substance to sustain a conviction." Rupert v. State, 9 Okla. Cr. 226, 131 P. 713, 45 L.R.A., N.S., 60.

In State v. Brooks, 38 Okla. Cr. 302, 260 P. 785, it is stated:

"A defendant cannot twice be put in jeopardy of life and liberty for the same offense, but before 'jeopardy' attaches each of the following conditions must exist: First, the defendant must be put upon trial before a court of competent jurisdiction; second, the indictment or information against the defendant must be sufficient to sustain a conviction; third, the jury must have been impaneled and sworn to try the case; fourth, after having been impaneled and sworn the jury must have been unnecessarily discharged by the court; fifth, such discharge of the jury must have been without the consent of the defendant. When these things concur, then the discharge of the jury constitutes jeopardy and operates as an acquittal of the defendant, and he cannot again be placed upon trial for the same offense."

There are other decisions to the same effect as the rules of law hereinabove stated. Before this court would be justified in sustaining the position of the

prisoner we would have to hold that the order of the warden punishing the prisoner for an infraction of the rules constituted the judgment of a court of competent jurisdiction, which of course it is not.

For a further consideration of the questions here raised, see Perry v. State, 80 Okla. Cr. 58, 157 P. 2d 217.

The writ of habeas corpus is denied.

BRETT, P. J., and POWELL, J., concur.