In re Habeas Corpus of Roy BOGGS.

No. A–12568, Consolidated With

No. A–12570.

Criminal Court of Appeals of Oklahoma.

March 12, 1958.

Roy Boggs, pro se.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for respondent.

POWELL, Judge.

The petitioner has filed two petitions in this court seeking release from the State Penitentiary at McAlester, and by order of court dated December 16, 1957, the two actions were consolidated under No. A–12,-570.

The gist of petitioner's complaint is that he was convicted in the district court, of Tulsa County in case No. 15,800 of the crime of burglary in the second degree; that the jury assessed punishment at seven years confinement in the State Penitentiary, and then the court declared a mistrial; that defendant was re-tried on a charge of burglary in the second degree, second and subsequent offense, and by the jury assessed punishment at twenty years confinement in the State Penitentiary. It is urged that the first sentence of seven years should have stood and that petitioner by reason of the second trial has been the victim of double jeopardy, and is therefore entitled to release.

We have before us photostatic copies of the appearance dockets in cases Nos. 15,-800 and 16,194, and the informations in both cases, and also an amended information filed in case No. 16,194, in the district court of Tulsa County. Also photostatic copies of the preliminary complaint filed in the court of common pleas of Tulsa County in case No. 16,194.

Chronologically, the record in case No. 15,800 is that on March 9, 1954, a preliminary complaint was filed against petitioner in the court of common pleas of Tulsa County charging this petitioner with the crime of burglary in the second degree. On March 16, 1954, petitioner was bound over to the district court; March 17, 1954, information charging petitioner with burglary in second degree filed in the district court of Tulsa County; September 27, 1954, order committing petitioner to Vinita for 90 days; November 9, 1954, jury's verdict of 7 years confinement in Oklahoma State Penitentiary; November 9, 1954, motion for new trial filed; November 29, 1954, motion for new trial sustained and verdict set aside; February 7, 1955, a motion was filed by the State for dismissal of the charge and on the same day the case was by the court dismissed.

The record in case No. 16,194 shows that on February 3, 1955, a preliminary complaint charging petitioner with burglary in the second degree, second and subsequent offense, was filed in the court of common pleas; February 16, 1955, petitioner was bound over to the district court; February 18, 1955, an information was filed in the district court of Tulsa County, charging petitioner with the crime of burglary in the second degree, second and subsequent offense. The information was defective, so that on April 7, 1955, an amended information was filed; May 5, 1955, jury returned verdict finding defendant guilty as charged, and assessed penalty at twenty years confinement in the Oklahoma State Penitentiary. May 6, 1955, motion for new trial was filed; May 10, 1955, motion for new

trial was denied; May 10, 1955, judgment and sentence entered.

From the record before us, we see that actually the trial court did not declare a mistrial in case No. 15,800, but that acting on the complaint of error set up in petitioner's motion for new trial, whatever the alleged error was, agreed with him that there was error in the record that might on appeal cause a reversal of the case, so the court granted petitioner a new trial. Petitioner, if he was satisfied with the verdict of the jury in that case (as he now indicates at least at the present time he is), could have waived the error, refrained from filing a motion for new trial and gone on to the penitentiary to serve the seven year sentence which would surely have prevented him from ever being again tried on the charge in question. He was represented by counsel and we assume there was full consultation and that his counsel was acting under his orders.

■ The Attorney General, while insisting that petitioner has failed to state facts entitling him to the writ, urges that the question of what was the effect of the granting of petitioner's motion for new trial is effectively answered by the provision of section 951 of Title 22 O.S.1951, and that the case of Duncan v. State, 41 Okl.Cr. 89, 270 P. 335; Cornell v. State, 91 Okl.Cr. 175, 217 P.2d 528; Watson v. State, 26 Okl.Cr. 377, 224 P. 368; and Pierce v. State, 96 Okl.Cr. 76, 248 P.2d 633, are adverse to petitioner's theory. And it is further urged that the Criminal Court of Appeals has many times held that the habitual criminal statute does not create a new crime by describing the circumstances under which one may be more severely penalized because of a previous conviction, citing Ex parte Bailey, 60 Okl. Cr. 278, 64 P.2d 278, so that case No. 16,-194 having been filed well within the three years statute of limitations (22 O.S.1951 §§ 151–152) that the State under the facts set out was well within its rights in alleging the prior conviction of petitioner, and the fact that it did not do so in the first

information would not preclude it from doing so in the second.

The question of prior jeopardy interposes interesting questions under the history of the cases, and if an appeal had been perfected from the conviction at the last trial in case No. 16,194, we could determine the issues now sought to be presented by petitioner.

■ In the early case of Ex parte Johnson, 1 Okl.Cr. 286, 97 P. 1023, 1024, 129 Am.St.Rep. 857, Judge Furman held that the writ of habeas corpus can not be resorted to for the purpose of discharging an applicant on a plea of former jeopardy. In the body of the opinion it was said:

"Can the plea of former jeopardy be heard on habeas corpus proceedings? It is an elementary principle of law, of universal acceptance, that mere errors or irregularities, which do not render the proceedings void, are not ground for relief by habeas corpus. We have an authority directly in point to the question now under consideration in the case of In re Belt, 159 U.S. 95, 15 S.Ct. 987, 40 L.Ed. 88. The petition for the writ set up former jeopardy as the ground upon which the petitioner sought to be released from custody. The Supreme Court says: 'The general rule is that the petitioner is held is without juris-unless the court under whose warrant the petitioner is held without jurisdiction, and that it cannot be used to correct errors.' It then held that the lower court had jurisdiction, and the writ was denied. In Whitten v. Tomlinson, 160 U.S. 231, 16 S.Ct. 297, 40 L.Ed. 406, the writ was sought also upon the ground of former jeopardy. Referring to this plea, the court said: 'Whatever effect it might have if pleaded to a subsequent indictment affords no ground for his discharge on habeas corpus.' In the case of Ex parte Crofford, 39 Tex.Cr.R. 547, 47 S.W. 533, the court says: 'The decisions

have been uniform that the writ of habeas corpus cannot be resorted to for the purpose of discharging an applicant on a plea of former jeopardy.'

"We could cite authority without limit to sustain the proposition that a petitioner cannot be discharged on habeas corpus upon the plea of former jeopardy, but do not deem it necessary to do so."

See also Ex parte Wood, 21 Okl.Cr. 252, 206 P. 541; Jeter v. District Court, 87 Okl. 3, 206 P. 831.

For the reasons stated, the petition for writ of habeas corpus is denied.

BRETT, P. J., and NIX, J., concur.