In the Matter of the Claim of ALOIS KASTNER, Respondent, against RUBSAM & HORRMANN BREWING COMPANY et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award to claimant by the Workmen's Compensation Board for a 35% permanent loss of use of his right hand and a 20% permanent loss of use of the left hand. Claimant was employed as a beer pumper and became partially disabled as a result of Dupuytren's contracture of both hands, which was found to be an occupational disease peculiar to his employment. A schedule award reflecting the above percentages was made under subdivision 3 of section 15 of the Workmen's Compensation Law. A schedule award under this subdivision can only be made for permanent partial disability, partial in character but permanent in quality. Appellant contends that the award should have been made under paragraph v of subdivision 3 of section 15, which is a blanket clause providing for all other cases which do not meet the test for a schedule award. The gist of appellant's argument is that Dupuytren's contracture is a progressive disease or condition, subject to periods of progression and remission, and hence is not permanent in quality. We think a fair inference may be drawn from the medical testimony that the condition will probably never improve, and we are constrained to disagree with appellant's interpretation of permanency as applied to a progressive condition. Award unanimously affirmed, with costs to be equally divided between claimant and the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.