■ In the Matter of the Claim of VINCENT J. NARDO, Respondent, against RHEINSTEIN CONSTRUCTION CO. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant worked for some years as an electrician. He was required to do work involving the use of pressure on his hands, including work with electric drills and hammers, pipe benders, winches and hydraulic presses. In 1951 he noticed a swelling in the palm of his left hand and in 1955 he became disabled from Dupuytren's Contracture. It is undisputed that he has this disease and that he is disabled; the issue is whether the disease was induced by the occupation. Appellants argue that the cause of Dupuytren's Contracture is medically unknown; that it affects a consistent percentage of the general population without regard to occupation; that the medical proof is that this claimant had a " constitutional defect " which disposed him to the disease; and hence that unlike the average person he had a special tendency to the disease. From this it is argued that the predisposing tendency of claimant to the disease would prevent his having an award. This is too rigid a test and if carried to the ultimate would mean that a disease would not be " occupational " unless everyone engaged in the work contracted it. Anything less than that would admit some play of the differences in physical tendency between one man and another in predisposition to disease or resistance to it. On the question whether Dupuytren's Contracture itself can be classified as an occupational disease there is adequate medical opinion in the record that the course of work performed by claimant with his hands accelerated and adversely affected the disease; and it is a disease that has been frequently stated by competent medical experts to be affected by the repeated heavy use of the hands. Brewery workers are one common example in which the board's finding that this is an occupational disease has been sustained. (See for example, *Matter of Ganger* v. *Liebman Breweries,* (282 App. Div. 907); *Matter of Kastner* v. *Rubsam & Horrman Brewing Co.,* (284 App. Div. 915.) Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE H. HORNBECK, JR., Appellant, against J. VERNEL JACKSON, as Warden of CLINTON PRISON, Respondent.— Appeal from an order of County Court, Clinton County, which dismissed a writ of habeas corpus. On relator's prior appeal (6 A D 2d 924) we decided that the contention that there had been a merger of the crime of rape and sodomy on which he was convicted was not a jurisdictional question available on habeas corpus. By this writ of habeas corpus he seeks to determine that there was a double jeopardy arising from these same charges to which relator had pleaded guilty. The record before us does not demonstrate double jeopardy; and where there has been a plea of guilty to separate crimes such a question would be deemed waived. Order affirmed. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.