No. 44,588

EDDIE D. Cox, *Appellee*, v. STATE OF KANSAS, *Appellant*.

(416 P. 2d 741)

Opinion filed July 14, 1966.

*Richard H. Seaton*, Assistant Attorney General, argued the cause, and *Robert C. Londerholm*, Attorney General, and *R. Edgar Johnson*, County Attorney, were with him on the briefs for appellant.

*Richard F. Waters*, of Junction City, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal by the state in a proceeding initiated pursuant to K. S. A. 60-1507 wherein the trial court vacated and set aside the sentence which it had originally imposed and ordered the appellee's discharge from the Kansas State Penitentiary.

The appellee, hereinafter referred to as petitioner, while confined in the penitentiary filed the motion now under consideration in the district court of Geary County on September 7, 1965. The court appointed present counsel to represent him and ordered his return from the penitentiary for the hearing of his motion. A hearing was held and briefs, suggested findings and conclusions, were submitted to the court by both parties.

On February 16, 1966, the court filed its written memorandum finding in favor of the petitioner's contention that he had been placed twice in jeopardy and ordered his release from imprisonment. On the same date the court overruled an oral motion of the state for stay of execution pending disposition of an appeal by the state. Subsequently, on the same day, a stay was granted by this court on the written application of the state.

In this appeal the state contends the trial court erred in concluding that the petitioner was put twice in jeopardy by his

conviction for kidnapping in the second degree and that his present detention for that offense is unlawful.

The trial court based its decision on the following facts. Petitioner was originally charged in the trial court on three counts as follows: Count one, assault with intent to kill (G. S. 1949, 21-431, now K. S. A. 21-431); count two, first degree kidnapping (G. S. 1959 Supp., 21-449, now K. S. A. 21-449), and count three, robbery in the first degree (G. S. 1949, 21-527, now K. S. A. 21-527). On arraignment petitioner entered a plea of not guilty to each of the three counts.

On March 14, 1960, a trial was commenced and at the close of the state's evidence, on motion of the state, count three was dismissed. On March 19, 1960, a verdict was reached and the jury found the petitioner guilty on count one, assault with intent to kill, and count two, kidnapping in the first degree, but stated as to its verdict in count two that the kidnapping occurred without harm to the victim.

Petitioner appealed his conviction to this court (*State v. Cox*, 188 Kan. 500, 363 P. 2d 528) and was granted a new trial on the ground that the trial court had submitted an improper verdict form to the jury.

The objectionable verdict form had been fully prepared by the court. It provided for a finding of kidnapping in the first degree without harm to the subject and further fixed the sentence at not less than twenty years. The verdict as submitted required only dating and signing by the jury foreman. We held that under the statute in question, now K. S. A. 21-449, the verdict form, as submitted, invaded the province of the jury which, under the statute, has the duty alone to determine the punishment to be inflicted if trial is to a jury.

The petitioner was returned for trial to the district court and rearraigned on counts one and two. At petitioner's rearraignment on September 8, 1961, his counsel stated:

"Before the arraignment, your honor, I would like to make an objection for the record to being arraigned at this time on the grounds that the defendant is not properly in court . . ."

The court held there was no basis to sustain the objection and it was overruled. The court proceeded with the rearraignment, the petitioner stood mute, and the court entered a plea of not guilty to both counts.

On September 12, 1961, the petitioner again appeared before

the court in person, and by his attorneys, and requested permission to change his plea to guilty. Permission was granted and petitioner was rearraigned on counts one and two. He entered a plea of guilty to count one, felonious assault (K. S. A. 21-431) and as to count two petitioner entered a plea of guilty to the lesser included offense of kidnapping in the second degree (K. S. A. 21-450). The state announced that it was willing to accept the pleas. Thereupon the court found that the state had elected to accept the plea to the lesser offense of kidnapping in the second degree and waived its rights to proceed upon the charge of first degree kidnapping as contained in count two of the information. The court accepted petitioner's pleas of guilty, found him guilty in accordance therewith, and sentenced him to concurrent terms of one to ten years for the assault charged in count one and twenty-five years for kidnapping in the second degree under count two and allowed credit on the sentences for time previously spent by the petitioner in the penitentiary.

Subsequently, the petitioner filed a motion in the sentencing court to correct his sentence. On March 4, 1964, the sentencing court granted petitioner's motion and he was resentenced to concurrent terms of not more than ten years for assault and not more than thirty years for kidnapping in the second degree. At the hearing on the motion to correct sentence the state attempted to introduce evidence of prior felony convictions. The trial court's ruling excluding the evidence of prior felony convictions was appealed to this court and the ruling was affirmed in *State v. Cox*, 194 Kan. 120, 397 P. 2d 406. Thereafter, petitioner initiated these proceedings pursuant to K. S. A. 60-1507.

The question presented is whether a sentence and conviction may be vacated by collateral attack on the grounds of subjection to double jeopardy by a petitioner who has secured a reversal of a conviction on appeal and on rearraignment on the original information enters a plea of guilty to a lesser included offense.

In concluding the petitioner was put twice in jeopardy, under the facts of this case, the trial court has rejected a long line of decisions in which the reasoning of this court has been to the contrary in construing and applying statutes which have been a part of the law of this state since territorial status. (See Terr. L. 1858, ch. 12, art. 13, § 1; Terr. L. 1859, ch. 27, § 256; Terr. L. 1858, ch. 12, art. 13, § 2; Terr. L. 1859, ch. 27, § 257.) The pertinent

statutes were reenacted by the legislature in 1868 and in identical form are now codified as K. S. A. 62-1601 which provides:

"A new trial is a re-examination of the issue in the same `court."

And K. S. A. 62-1602 which provides:

"The granting of a new trial places the parties in the same position as if no trial had been had; the former verdict cannot be used or referred to either in the evidence or argument."

This court was first called upon to apply the statutes in 1871 in *State v. McCord,* 8 Kan. (2nd Ed.) 232. McCord was tried on an information charging him with murder in the first degree. In his first trial he was found guilty of manslaughter in the third degree. On his motion a new trial was granted by the trial court and at the second trial he was convicted of murder in the second degree. In his appeal McCord contended that on the second trial he could not be convicted of a higher degree of the crime of which he was charged than that of which he was found guilty in the first trial.

In applying Section 270 and Section 274 of the Code of Criminal Procedure of 1868, which are identical to what are now K. S. A. 62-1601 and 62-1602, respectively, this court stated in the *McCord* opinion:

". . . In every case where we have seen the question discussed it is assumed as a power conferred by legislation or by long usage; and in no case is it held to be a constitutional grant. It is a *privilege* offered by the law to the accused, in addition to the *guaranties* afforded by the constitution. As the power is conferred by law, it is competent for the law-making branch of the government to extend it, or to limit and modify it at its pleasure, or to prescribe upon what terms it may be granted, so that it does not infringe upon any constitutional guaranty. In this state the terms are prescribed by law. In the Code of Criminal Procedure are these provisions: "[Here quoting Sections 270 and 274.]

"The plain reading of these sections is conclusive of the whole matter under discussion. A critical examination of the sections does not change the result. A re-examination of the issue is to again examine it. The issue is the issue of the record, as it is there made up. It consists of the charge of the offense in all its degrees, as set out in the information, on the part of the state, and the plea of 'not guilty,' which is a denial of each and every allegation of the information, on the part of the defendant. Such is the issue on the record and the only issue in the case. It was the issue tried, and the issue to be retried, or in the words of the statute to be re-examined. The statute uses the words '*the* issue,' not some part of the issue that may be ascertained by judicial construction—but *the issue.* Section 274 is quite as plain, and as if to guard against any misinterpretation declares that the granting of a new trial places the parties in the same position as if

no * trial had been had. This is clear and conclusive. The very essence of the argument in favor of the rulings contended for by counsel for appellant is that the new trial places the party in a very different position from what he would have occupied if no trial had been had.'" (pp. 242, 243.)

The rule announced in *McCord* was reaffirmed in *State v. Rust*, 31 Kan. (2nd Ed.) 509, 3 Pac. 428; *State v. Hart*, 33 Kan. (2nd Ed.) 218, 6 Pac. 288; *State v. Miller*, 35 Kan. (2nd Ed.) 328, 10 Pac. 865; *State v. Terreso*, 56 Kan. 126, 42 Pac. 354; *State v. Morrison*, 67 Kan. 144, 72 Pac. 554; *State v. White*, 71 Kan. 356, 80 Pac. 589.

In the case of *In re Christensen*, 166 Kan. 671, 203 P. 2d 258, an original action in habeas corpus, the question was reexamined in depth, previous decisions cited hereinbefore were considered, and the *McCord* rule was emphatically reaffirmed. Since the *Christensen* decision this court has reaffirmed the *McCord* rule in *State v. Phillips*, 175 Kan. 50, 259 P. 2d 185; *State v. Hess*, 178 Kan. 452, 289 P. 2d 759, and *State v. Hess*, 180 Kan. 472, 304 P. 2d 474.

A review of all decisions of this court dealing with the subject reveals only one variance from strict adherence to the rule announced in *McCord*. In putting to rest any question as to such variance this court stated in *State v. Hess*, 178 Kan. 452, 289 P. 2d 759:

"In an attempt to forestall application of the rule above announced appellee relies upon a single case, i. e., *State v. Mitchell*, 143 Kan. 322, 54 P. 2d 917, in which, under circumstances which must be conceded to be identical this court, obviously without giving the question considered attention, held that a defendant's motion for discharge during the trial should have been allowed, and directed his discharge. Our reexamination of sections of the statute dealing with the subject and our decisions construing them convinces us that our holding in that case on the point mentioned was unwarranted and should be overruled." (pp. 459, 460.)

It is manifestly apparent the rule announced in *McCord* is deeply rooted in the law of this state. No other judicial treatment would have been compatible with the clearly stated legislative mandate enacted at the dawn of statehood. In our opinion, federal cases cited by petitioner do not compel a retraction of a principle so firmly embedded in the law of this state.

The petitioner relies principally on two federal cases, *Green v. United States*, (1957), 355, U. S. 184, 2 L. Ed. 2d 199, 78 S. Ct. 221, 61 A. L. R. 2d 1119, and *United States [ex rel. Hetenyi] v. Wilkins*, (2nd Cir., 1965), 348 F. 2d 844, which were also relied upon by the trial court in its memorandum opinion.

In *Green* the Supreme Court of the United States held that in a federal prosecution the jeopardy clause of the Fifth Amendment to the Constitution of the United States prohibits reprosecution for first degree murder after Green, originally charged with that offense and convicted of second degree murder, secured a reversal of his conviction.

In *Wilkins* the defendant, Hetenyi, was originally charged in the State of New York with first degree murder and convicted of second degree murder. The conviction was reversed on appeal. He was retried on the same indictment and convicted of murder in the first degree. The second conviction was also reversed on appeal. He was again tried on the original indictment and convicted of second degree murder. This third conviction was affirmed on appeal. Several years later Hetenyi petitioned the federal court for release by a writ of habeas corpus claiming that it was unconstitutional for the state to prosecute him for first degree murder after the first trial and that the charge of first degree murder so contaminated the third trial as to render it constitutionally inadequate. The United States Circuit Court of Appeals from the Second Circuit ultimately agreed with Hetenyi's contention, even though in doing so it was admitted the United States Supreme Court had not yet imposed the federal constitutional limitations on state reprosecutions. In this connection it was stated in the opinion:

"The Supreme Court has not, to this day, invalidated any conviction obtained in the state courts on the ground that the state has transgressed the federal constitutional limitations on its power to reprosecute an individual for the same crime. . . ." (p. 850.)

Petitioner here argues that since the petition of the State of New York for a writ of certiorari was refused by the United States Supreme Court that by inference the rule announced in *Wilkins* has become the law of the land and future decisions of this court should be controlled thereby. Petitioner's argument is not convincing. We do not agree that such significance should be attached to a denial of certiorari, particularly when the last consideration by the United States Supreme Court of a state's reprosecution (*Palko v. Connecticut*, 302 U. S. 319, 82 L. Ed. 288, 58 S. Ct. 149.) resulted in a holding precisely to the contrary of that in *Wilkins*.

In the *Green* case, upon which the Second Circuit relied in deciding *Wilkins*, a distinction was retained as to state reprosecutions. In reconciling its holding in *Green*, with previous holdings,

that state reprosecutions were consistent with due process of law under the Fourteenth Amendment to the Constitution of the United States and that the prohibition of double jeopardy under the Fifth Amendment is not applicable against state action by force of the Fourteenth Amendment, it was stated in note 15 at pages 194 and 195 of the opinion in *Green*:

". . . *Palko v. Connecticut*, 302 U.S. 319, *Brantley v. Georgia*, 217 U.S. 284, and *Kring v. Missouri*, 107 U.S. 221, are not controlling here since they involved trials in state courts. . . ."

We cannot accept the proposition that the decision in *Green* by inference from the denial of certiorari in *Wilkins* has excised statutes of this state that have been applied to every criminal defendant securing a new trial since the advent of statehood. Such a proposition is in direct conflict with expressions of the Tenth Circuit Court of Appeals. Judge Pickett in speaking for the court in *Mooneyham v. State of Kansas*, (10th Cir., 1964), 339 F. 2d 209, said:

". . . It is equally well settled that the right to appeal in criminal cases is not guaranteed by the Federal Constitution. A state, consistent with due process, may provide for an appeal by convicted defendants in criminal cases upon such terms as it deems appropriate. *Griffin v. Illinois*, 351 U.S. 12, 76 S. Ct. 585, 100 L. Ed. 891, rehearing denied 351 U.S. 958, 76 S. Ct. 844, 100 L. Ed. 1480; *McKane v. Durston*, 153 U.S. 684, 14 S. Ct. 913, 38 L. Ed. 867." (p. 210.)

In rejecting a claim that due process under the Fourteenth Amendment had been denied and that petitioner had been placed twice in jeopardy in being subjected to consecutive trials for multiple robberies committed on a single occasion, the United States Supreme Court said in *Hoag v. New Jersey*, 356 U.S. 464, 2 L. Ed. 2d 913, 78 S. Ct. 829, [rehearing denied 357 U.S. 933, 2 L. Ed. 2d 1375, 78 S. Ct. 1366]:

". . . For it has long been recognized as the very essence of our federalism that the States should have the widest latitude in the administration of their own systems of criminal justice. . . ." (p. 468.)

Similar language may be found in *Hurtado v. California*, 110 U.S. 516, 28 L. Ed. 232, 4 S. Ct. 111; *Maxwell v. Dow*, 176 U.S. 581, 44 L. Ed 597, 20 S. Ct. 448, *West v. Louisiana*, 194 U.S. 258, 48 L. Ed 965, 24 S. Ct. 650.

Furthermore, even assuming *arguendo*, as urged by petitioner, that the double jeopardy provision of the Fifth Amendment has been absorbed by the Fourteenth Amendment and therefore made

applicable to the states, we do not believe the rule as stated in *Green* to be controlling as to the factual situation before us in the instant case.

In the case at bar petitioner failed to affirmatively raise the defense of double jeopardy and later entered a plea of guilty to a lesser included offense. Either action by petitioner constitutes a waiver of such defense under both the decisions of this court and of the federal courts. Expressions of the Kansas rule that double jeopardy is an affirmative defense which may be waived may be found in *State v. Maxwell*, 151 Kan. 951, 102 P. 2d 109; *State v. Ford*, 117 Kan. 735, 232 Pac. 1023, and *State v. White*, supra. Even if double jeopardy is raised as a defense it is abandoned by a subsequent plea of guilty. (*State v. Carte*, 157 Kan. 673, 143 P. 2d 774.) In *Lawton v. Hand*, 186 Kan. 385, 350 P. 2d 28, we held that a claim of double jeopardy was not available in habeas corpus if a plea of guilty had been entered in the criminal proceedings. Where a defendant has entered a plea of guilty federal courts have applied the same principle that a claim of double jeopardy cannot be maintained either on appeal by defendant from conviction, (*Harris v. United States*, [8th Cir., 1956], 237 F. 2d 274) or in a habeas corpus proceeding (*Caballero v. Hudspeth*, [10th Cir., 1940], 114 F. 2d 545). Likewise, federal courts have applied the principle that where a defendant pleads not guilty and proceeds to trial without raising double jeopardy he is deemed to have waived the defense. (*Morlan v. United States*, [10th Cir., 1956], 230 F. 2d 30; *Curtis v. United States*, [10th Cir., 1933], 67 F. 2d 943; *Brady v. United States*, [8th Cir., 1928], 24 F. 2d 399; *Blair v. White*, [8th Cir., 1928], 24 F. 2d 323.)

The rule that protection against double jeopardy is waived by failure to interpose a plea at the inception of a second prosecution appears to be the general rule (21 Am. Jur. 2d, Criminal Law, § 165, p. 231.). However, authorities are divided as to whether a reprosecution for the greater offense is permissible following reversal of a conviction for a lesser offense (61 A. L. R. 2d, Anno., 1141). As to federal reprosecutions, preexisting conflicts on the question in federal courts were settled by the decision in *Green*. A further division of authorities is noted as to whether a specific plea of double jeopardy is necessary to preserve the defense of a defendant who has been convicted of a lesser offense, secured a reversal and faces a reprosecution on the original indictment including the

higher offense in the same court before the same judge. However, no line of authority supports the proposition advanced by petitioner here that the principle of waiver should not be applied when a defendant on arraignment not only fails to affirmatively interpose a defense of former jeopardy but voluntarily requests leave to withdraw a plea of not guilty and enters a plea of guilty to a lesser included offense.

In *Green v. United States,* supra, the defendant raised the defense of former jeopardy at the outset of his second trial, but his plea was overruled.

In *United States [ex rel. Hetenyi] v. Wilkins,* supra, the court carefully satisfied itself that there had been no waiver of the double jeopardy claim before considering the matter on the merits. The habeas corpus petition alleged a plea of *autrefois acquit* but the record was in dispute, the court examined the record and concluded:

". . . We thus have no reason to disbelieve the allegation in the present habeas petition that the plea of *autrefois acquit* was entered but disallowed in the second and third trials." (p. 849.)

Petitioner directs our attention to *People v. Ressler,* 17 N. Y. 2d 174, 216 N. E. 2d 582. We do not find the case persuasive when measured by the factual circumstances in the case at bar. Ressler was tried on an indictment for murder in the second degree and convicted of manslaughter in the first degree. He secured a reversal because of error in admission of evidence. On his second appeal it was simply held that he could not be retried on homicide charges greater than manslaughter in the first degree, the court applying the doctrine that a jury's conviction of a lesser degree of crime is a tacit acquittal of the higher crime charged. As stated before, the doctrine of acquittal by implication has not been accepted in this state, furthermore the rule is inapplicable here where petitioner entered a plea of guilty to a lesser offense thereby waiving his objection to retrial on the greater offense.

We have carefully examined cases from other jurisdictions cited by petitioner and find them to be distinguishable from the case at bar either for the reason that the principle of waiver was not applicable because of the interposing of an affirmative plea or the entering of a plea of not guilty and standing trial, neither of which conditions avails petitioner here.

Lastly petitioner argues, and the trial court so found, that con-

sidering the uncontradicted evidence introduced in the original trial petitioner could have been found guilty upon retrial only of first degree kidnapping with harm or not guilty and as a consequence the petitioner's plea of guilty to kidnapping in the second degree was a nullity. The petitioner attempts to support his position on this point by the application of the rationale expressed in *People v. McMurry,* 64 Ill. App. 2d 248, 212 N. E. 2d 7, to certain observations made by this court in *State v. Cox,* 188 Kan. 500, 363 P. 2d 528. Petitioner's position cannot be maintained. McMurry was charged with murder and convicted of voluntary manslaughter. The Illinois Court of Appeals for the Second District held that the evidence could lead to only one of two conclusions, either self-defense or murder, there being no evidence of sudden or intense passion from provocation necessary to support a conviction of voluntary manslaughter under the Illinois statutes. (Ill. Rev. Stats. ch. 38, § 9-2[a] [1], [1963].) The court stated:

". . . This is simply not a manslaughter case on any view of the facts. Therefore, there would be no point in remanding the case for a new trial on that count. . . ." (p. 252.)

The opinion in *State v. Cox,* 188 Kan. 500, 363 P. 2d 528, contained no such language, to the contrary, in the opinion in *Cox* it is emphatically concluded from the evidence that it is a kidnapping case. The critical point upon which reversible error was predicated on appellate review was in the submission of the punishment element to the jury in direct contravention to the provisions of G. S. 1959 Supp., 21-449, now K. S. A. 21-449, which expressly states that in a jury trial the jury shall determine the punishment. In this connection we stated in the opinion:

". . . For the trial court to include the punishment element in the verdict form as it was submitted to the jury, to be signed and returned as its verdict, constituted a defect as fatal as it would have been for the ransom element to have been so submitted. Here we not only have no evidence of ransom but all the uncontradicted evidence is that ransom did not enter the picture at all. By the same token, the element of *unharmed* did not enter the picture." (pp. 503, 504.)

The provisions as to the seizing of a person with intent to take him out of the state or to confine him secretly within the same against his will are essentially the same in both first (K. S. A. 21-449) and second (K. S. A. 21-450) degree kidnapping. The addition of either element of holding for ransom or of inflicting bodily harm elevates the offense from second to first degree kidnapping (See

*State v. Brown,* 181 Kan. 375, 312 P. 2d 832). But it cannot be said that second degree kidnapping is not contained within the first as the seizing of a person under conditions set out in 21-450, *supra,* must first be established together with one of the additional elements to support a conviction of first degree kidnapping under 21-449, *supra.*

The elements of the offense of kidnapping in the second degree under G. S. 1935, 21-450, now K. S. A. 21-450, were succinctly stated by this court in *State v. Myers,* 154 Kan. 648, 121 P. 2d 286, where it was held:

"Under the statute G. S. 1935, 21-450, the crime of kidnapping in the second degree is complete when without lawful authority a person is forcibly seized with intent to secretly confine him in this state against his will." (Syl. ¶ 1.)

A total lack of evidence to support the manslaughter conviction, as found by the appellate court in *McMurry,* is not a condition prevailing here. In the instant case the evidence was found by this court on appeal in *State v. Cox,* 188 Kan. 500, 363 P. 2d 528, to be sufficient not only to support the conviction of second degree kidnapping later obtained by petitioner's plea of guilty but would have supported a conviction by plea of guilty to the greater offense, first degree kidnapping with harm. Unlike the result in the *McMurry* case it follows logically that even though we were to find the rule announced in *Green v. United States,* supra, applicable to this case, via *United States [ex rel. Hetenyi] v. Wilkins,* supra, thus vitiating a reprosecution for first degree kidnapping as urged by petitioner, the result of this appeal would be to remand with directions for a new trial on a charge not greater than kidnapping in the second degree. (*United States [ex rel. Hetenyi] v. Wilkins,* supra, and *United States v. Tateo,* 377 U. S. 463, 12 L. Ed. 2d 448, 84 S. Ct. 1587.) The import of *Green,* even if mandated on the states through the Fourteenth Amendment, only proscribes reprosecutions on an original information charging a greater offense after a reversal of a conviction on a lesser offense. Neither Green nor *Wilkins* established a prohibition of reprosecution for the same or a lesser degree of offense than that for which a reversal was secured. The prohibition bars only reprosecution on a charge of a greater offense after the reversal of a conviction on a lesser offense.

In accord with what has been stated we hold that petitioner by moving for a new trial and subsequently entering a plea of guilty manifestly waived any claim of double jeopardy.

Finally we are confronted by a motion and a supplemental motion filed by petitioner in which his counsel complains that mail to and from petitioner and his counsel has been censored and that he cannot effectively represent petitioner because of such interferences. We have considered petitioner's motions together with the response thereto by the state with an exhibit attached reflecting a directive of the Kansas Director of Penal Institutions pertaining to the confidential nature of attorney-client mail and limiting censor ship thereof by the state officials concerned. On interrogation of petitioner's counsel during oral argument before this court he failed to point out any specific instance in which he was prevented from effectively representing petitioner in this appeal. In fact, the well prepared and exhaustive brief filed by petitioner contradicts any suggestion of restricted or ineffective representation. We find no merit in the motions of petitioner.

The judgment of the trial court ordering petitioner's release is reversed.