**Wayne Schirvin SCHAPANSKY, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15407.**

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1971.

Blumenthal & Gray, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. MARTIN, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Wayne Schirvin Schapansky, hereinafter referred to as defendant, was charged in the District Court of Oklahoma County with the crime of Second Degree Burglary. On August 23, 1968, the defendant, with counsel, entered a plea of guilty to the offense; judgment and sentence was deferred until September 5, 1969. The defendant was convicted by a jury of Attempted Burglary in the Second Degree on May 12, 1969.[1] The State subsequently filed a motion to accelerate sentencing and the defendant filed a Motion to Withdraw

his Plea of Guilty. The trial judge overruled the defendant's motion on June 3, 1969, and sentenced the defendant to two and one-half years imprisonment.

This appeal contends that the trial court erred in refusing the defendant's Motion to Withdraw his Plea of Guilty.

The defendant testified at the .hearing that he was sixteen years old at the time of entering a plea of guilty. He stated that he did not, in fact, fully understand the consequences and nature of entering a plea. He could not remember all the questions the Court propounded to him prior to entering the plea of guilty.

We are of the opinion that the record does not support the defendant's contention. The Summary of Facts taken at the original plea of guilty reflect that the defendant was represented by an attorney, that he knew the nature of the charge and the minimum and maximum punishment, that he was entitled to a jury trial, that he wished to plead guilty of his own free will, that he had not been mistreated or threatened, and that he was, in fact, guilty of the offense. This instrument was signed by the defendant and his attorney.

We further observe that the defendant entered the guilty plea on August 23, 1968. He did not file a Motion to Withdraw his Plea of Guilty until June 3, 1969, the date of the hearing to accelerate the sentence.

This Court has repeatedly held that the granting or denying of permission to withdraw a plea of guilty and substitute a plea of not guilty is a matter which rests with the sound discretion of the trial court and its action will be upheld unless an abuse of such discretion clearly appears from the record. Sandersfield v. State, Okl.Cr., 445 P.2d 422.

The record in this case clearly shows that the defendant was represented by competent counsel and that the entering of the plea of guilty was a free and voluntary act on his part. To come to this Court, many months later, alleging he did

[1]. Schapansky v. State, Okl.Cr., 478 P.2d 912 (A–15,408) was affirmed by this Court on October 28, 1970.

not know the consequences and nature of entering a plea of guilty is hardly sufficient to overcome the regularity of the proceedings. For the reasons above stated, the judgment and sentence is hereby affirmed.

BRETT, P. J., and NIX, J., concur.