No. 45,740

STATE OF KANSAS, *Appellee* v. OTIS K. CARR, *Appellant*.

(479 P. 2d 816)

Opinion filed January 23, 1971.

*Harlan C. Altman, Jr.,* of Wellington, argued the cause, and was on the brief for the appellant.

*Harold A. Pfalzgraf,* county attorney, argued the cause, and *Kent Frizzell,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Otis K. Carr was convicted by a jury of the offense of forcible rape. By reason of two previous felony convictions (statutory rape; first degree robbery and two counts of forcible rape) he was sentenced to life imprisonment. He now appeals.

The victim of the alleged offense was appellant's nine year old foster daughter who was also the niece of appellant's wife.

Appellant charges insufficiency of evidence to show his commission of the offense. The incident occurred on the afternoon of August 12, 1968, in a pasture about one and one-half miles south of Wellington. Appellant could gain no comfort from detailing the testimony of the victim which, standing alone, was sufficient to sustain the conviction. Threats, accompanied by force, and actual sexual penetration by appellant were graphically shown by her testimony couched in language normal for a child of her age. The girl was cruelly used. Despite appellant's efforts in avoidance and delay, she was taken to the hospital in a bleeding and sickened condition a few hours after the incident. There, examination revealed the presence of live sperm in the vagina and ruptured abdominal

area. Considerable surgical repair was required. When queried by his father as to what had caused the girl's injury appellant replied that he "went wrong" again and did not know what was wrong with him. Soon after the incident appellant admitted to his wife he had "bad news" for her and that he had had sexual intercourse with the girl because she had written some letters that "had made him mad". Apparently these letters were written to appellant's stepdaughter who had been the complaining witness in a forcible rape charge against him upon which he had been acquitted by a jury in Sedgwick county. (Appellant brought up the subject of this charge in his direct examination.)

Appellant's contention of insufficiency is based upon minor discrepancies in the state's evidence which in nowise detracted from its impact. Commission of the offense by appellant was directly shown, strongly corroborated and clearly admitted.

Appellant complains the trial court wrongfully permitted the examining physician to testify that in his opinion the girl was the victim of a "forceful" or "forcible" rape. Apparently there was no objection at trial level. Beyond this, the doctor, testifying as an expert under K. S. A. 60-456 (b), was wholly justified in this conclusion from the physical facts revealed by his examination, and the evidence was properly received.

Appellant asserts the trial court assumed the role of advocate against him during the trial. The record does not sustain the charge that the trial court in the presence of the jury advised the county attorney how to try his case. The court did at one point admonish the appellant not to speak. Appellant had been testifying, giving long, unresponsive, irrelevant answers, and it was testimony of this nature which eventually provoked the remark. The trial judge does have a positive duty to supervise the conduct of a trial so that the examination of witnesses is kept within reasonable bounds of relevance. Our examination of the entire record convinces us appellant could have suffered no prejudice by reason of any conduct of the trial court.

Finally, appellant contends his constitutional right to counsel was violated when correspondence from his attorney to him was opened and read by officers of Sumner county while he was in jail prior to trial. As developed at the hearing of appellant's motion for new trial, it appears the undersheriff did, pursuant to the then prevailing practice, open and read one such letter. Neither the letter nor its

content was revealed to the county attorney. Upon being advised by appellant of the censoring, appellant's counsel discussed the matter with the county attorney of Sumner county who in turn instructed the sheriff to discontinue the practice. Thereafter appellant received one letter from his attorney which had been partially opened by the sheriff but not read by him. Appellant did not advise his counsel of the partial opening of the second letter until after his conviction, although prior to the trial it was freely discussed by him with other inmates of the jail and opined to be good grounds for new trial in event of conviction.

Both letters have been reproduced by the state in its counter abstract. They are innocuous in character and it is not shown in any way how their opening could be prejudicial or detrimental to appellant. The record affirmatively reveals appellant had free access to counsel. Nothing indicates restriction of or interference with effective representation. We rejected a similar contention made in *Cox v. State*, 197 Kan. 395, 416 P. 2d 741. See also *Cox v. Crouse*, 376 F. 2d 824.

Judgment affirmed.

APPROVED BY THE COURT.