**Obie Dale RODGERS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15608.**

Court of Criminal Appeals of Oklahoma.

March 31, 1971.

Rehearing Denied April 30, 1971.

Andrew T. Dalton, Jr., Public Defender, for plaintiff in error.

G. T. Blankenship, Atty.Gen., Hugh H. Collum, Asst.Atty.Gen., for defendant in error.

BUSSEY, Presiding Judge:

Obie Dale Rodgers, hereinafter referred to as "defendant," was charged in the District Court of Tulsa County with Second Degree Burglary After Former Conviction of a Felony. The defendant, with two attorneys entered a plea of guilty and was sentenced to six (6) years imprisonment, he subsequently asked to withdraw the plea which was overruled and from said Judgment and Sentence a timely appeal has been perfected.

The first proposition asserts that the trial court erred in not dismissing the case for the reason he was not allowed a speedy trial. The case was · originally set for trial in June, 1966. Prior to the trial and while on bond the defendant was convicted of a federal offense and confined in the federal penitentiary at Leavenworth. On October 15, 1968, the defendant requested that he had either a speedy trial or that the charges be dismissed. This Court ordered him brought to trial within a reasonable time from May 15, 1969. The District Attorney's office obtained a writ of habeas corpus ad prosequendum wherein defendant was to be brought before the District Court on September 12, 1969. The defendant filed a Motion to Dismiss alleging denial of speedy trial on September 15, 1969, which was overruled. On September 24, 1969, he appeared with his attorneys and entered a plea of guilty.

The Trial Court made a searching inquiry of the defendant concerning his knowledge of his constitutional rights prior to accepting the plea. The record reveals that the plea was freely and voluntarily entered with full knowledge of the consequences thereof and that he was in fact guilty of the offense. This Court has repeatedly held that the granting or denying of permission to withdraw a plea of guilty and substitute a plea of not guilty is a matter which rests with the sound discretion of the Trial Court and its action will be upheld unless an abuse of discretion clearly appears from the record. Schapansky v. State, Okl.Cr., 479 P.2d 626.

In Ledgerwood v. State, Okl.Cr., 455 P. 2d 745, we stated:

"When the accused entered his plea of guilty, he waived any objections which he might have raised to any irregularities in the proceedings, except such as would go to jurisdiction."

 We, therefore, are of the opinion that the unqualified plea of guilty waived any objection the defendant might have to denial of speedy trial. The right to a speedy trial is a personal right and as such may be waived.

 The defendant's final proposition asserts that the punishment is excessive. Suffice it to say that the punishment imposed is well within the range provided by law and does not shock the conscience of this Court. For the reasons above stated the Judgment and Sentence is hereby affirmed.

NIX and BRETT, JJ., concur.