**Neil Alton BASS, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16360.**

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1971.

Don Anderson, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., Sondra Leah Fogley, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Neil Alton Bass, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Oklahoma County, Case No. CRF-70-2841, to the offense of Obtaining Narcotics by Fraud and Deceit;

his punishment was fixed at two years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

The defendant was originally charged with the felony of Obtaining Narcotics by Fraud and Deceit and the misdemeanor of Obtaining Amphetamines by Fraud and Deceit, both charges arising out of a transaction that occurred at the same drug store on the same date. On November 2, 1970, the defendant entered a plea of guilty to the misdemeanor offense and was sentenced to six (6) months in the county jail; thereafter, on November 12, 1970, the defendant entered a plea of former jeopardy, and a hearing was held before the Honorable Jack R. Parr, District Judge of Oklahoma County. After hearing the stipulation of the parties, the trial court overruled the plea of former jeopardy and both sides announced they were ready for jury trial. On November 18, 1970, the defendant appeared in person, with his attorney, and entered a plea of guilty to the felony offense of Obtaining Narcotics by Fraud and Deceit.

 The sole proposition asserts that the plea of former jeopardy should have been sustained. We do not deem it necessary to discuss in this opinion whether or not jeopardy had attached. We are of the opinion that the defendant's unqualified plea of guilty waived any objection the defendant might have to the defense of former jeopardy. In Ex parte Zeligson, 47 Okl.Cr. 45, 287 P. 731, we stated:

"Immunity from second jeopardy can be waived by express consent, or by implication by failure to claim or assert right."

Again in Ex parte Kirk, 96 Okl.Cr. 272, 252 P.2d 1032, we stated:

"Constitutional immunity from second jeopardy is a *personal privilege* for the sole benefit of the accused, and it may be waived by the express consent or by implication from conduct indicative of consent or by failure to claim or assert the right in seasonable time." [Emphasis added]

In the case of People ex rel. Hornbeck v. Jackson, 7 A.D.2d 689, 179 N.Y.S.2d 315, cert. den., 359 U.S. 972, 79 S.Ct. 886, 3 L.Ed.2d 838, the Court said:

"Where there has been a plea of guilty to separate crimes the claim of double jeopardy based upon the dual charges is waived."

In the case of Cox v. State, 197 Kan. 395, 416 P.2d 741, the Kansas Supreme Court stated:

"Even if double jeopardy is raised as a defense, it is abandoned by a subsequent plea of guilty."

In the recent case of Rodgers v. State, Okl. Cr., 483 P.2d 1375, we stated:

"We, therefore, are of the opinion that the unqualified plea of guilty waived any objection the defendant might have to denial of speedy trial. The right to a speedy trial is a *personal* right and as such may be waived." [Emphasis added]

We similarly conclude that the defendant's unqualified plea of guilty waived any objection the defendant might have to the defense of former jeopardy. The judgment and sentence is accordingly affirmed.

BRETT, Judge (specially concurring).

I concur herein for the reason that defendant abandoned his defense of former jeopardy, when he plead guilty after receiving adverse results at his earlier hearing on the plea. The same is true in his companion case No. A–16, 361.