**Jesse David HENSLEY, Petitioner,**

**v.**

**The STATE of Oklahoma, Respondent.**

**No. A–17173.**

Court of Criminal Appeals of Oklahoma.

Jan. 12, 1972.

Jesse David Hensley, pro se.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Justice:

This is an appeal from the denial of post conviction relief in the District Court of Canadian County, Case No. CR–69–484, wherein the trial court, after reviewing the records, made findings of fact and conclusions of law, which findings of fact and conclusions of law are supported by the record and adopted by this Court and appended hereto.

For the reasons therein stated, the trial court's denial of post conviction relief is affirmed, and Petitioner is advised that he has now exhausted all of his state remedies.

SIMMS and BRETT, JJ., concur.

APPENDIX

IN THE DISTRICT COURT WITHIN AND FOR

CANADIAN COUNTY

STATE OF OKLAHOMA

THE STATE OF OKLAHOMA,

Plaintiff,

—vs—

NO. CR–69–484

JESSE DAVID HENSLEY,

Defendant.

POST–CONVICTION ORDER

On November 3, 1969, an Information charging the defendant with Manslaughter in the First Degree, Counts 1 and 2, was filed, Case No. Cr–69–484. Both Counts were based on the alleged misconduct of the defendant while driving his automobile and failing to keep to the right side of the highway resulting in an automobile collision which brought about the death of two women. The defendant was represented by counsel and a preliminary hearing was held on both Counts which resulted in the defendant being bound over for trial.

On March 22, 1970, the Information was further amended to show the charge on both Counts of being Manslaughter in the Second Degree, and the defendant entered a plea of guilty to both cases and received a four year suspended sentence on each count with the further order that they were to run concurrently. The defendant was represented by his attorney, Jess Horn, who was present and represented the defendant at the time of the Judgment and Sentence.

On February 8, 1971, the District Attorney filed an application to revoke the suspended sentence in said case for the reason that the defendant had plead guilty to the crime of driving while under the influence of intoxicating liquor, driving while under suspension, and transporting an opened container of liquor, in the District Court of Canadian County, Oklahoma, in Case Nos. CRT–71–436, CRT–71–437 and CRT–71–438.

A hearing on said application to revoke suspended sentence was held on February 11, 1971, and at the conclusion of said hearing, the Court revoked the suspended sentences and the defendant was sentenced to serve the two terms in the State Penitentiary.

On July 28, 1971, the defendant filed a petition for Writ of Habeas Corpus. Although said Writ is not a proper form for Post-Conviction Relief, the Writ does mention the Post-Conviction Procedure Act and for the purpose of this opinion will be considered as a Post-Conviction Appeal. On August 6, 1971, the State, by and through the Assistant District Attorney, John C. Howard, filed a motion for Summary Judgment with authority. Defendant's petition for Writ of Habeas Corpus sets forth one ground, which is that prosecuting him on two counts of Second Degree Manslaughter results in double prosecution and double punishment for a single act, i. e. one car collision. It seems that his argument is that there was only one act and he should suffer but one conviction and that any conviction for other crimes constitutes double jeopardy.

The controversy in this case contains no factual issue, therefore, neither an evidentiary hearing nor testimony of any person would be material.

The question presented in defendant's argument is controlled by Bass v. State, Okl.Cr., 489 P.2d 1343 (1971), wherein the Court of Criminal Appeals held: "A plea of double jeopardy is abandoned by subsequent entry of a plea of guilty which is knowingly and intelligently entered, with full knowledge of the nature and consequences of such plea, while the defendant is represented by counsel."

THEREFORE, it is Ordered by this Court that the defendant is not entitled to the relief prayed for in his petition for Writ of Habeas Corpus and said petition is hereby dismissed. The defendant is notified that this is a final judgment and may be appealed to the Court of Criminal Appeals on a Petition-in-Error within thirty (30) days from the entry of this judgment.

Dated this 12th day of November, 1971.

(s) Fenton R. Ramey

FENTON R. RAMEY
DISTRICT JUDGE