**Robert L. NEELY, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. A–17170.**

Court of Criminal Appeals of Oklahoma.

Jan. 19, 1972.

Robert L. Neely, pro se.

Larry Derryberry, Atty. Gen., for respondent.

BUSSEY, Presiding Judge:

This is an appeal from the denial of post conviction relief in the District Court of Custer County, Case No. CRF–70–110, wherein the trial court, after reviewing the records, made findings of fact and conclusions of law, which findings of fact and conclusions of law are supported by the record and adopted by this Court and appended hereto.

For the reasons therein stated, the trial court's denial of post conviction relief is affirmed, and Petitioner is advised that he has now exhausted all of this state remedies.

SIMMS, J., concurs.

BRETT, J., concurs in result.

## APPENDIX

### IN THE DISTRICT COURT – 2nd JUDICIAL DISTRICT
### CUSTER COUNTY, STATE OF OKLAHOMA

Arapaho, Oklahoma

State of Oklahoma
        Plaintiff
    vs.
Robert Neely
        Defendant

No. CRF–70–110

### ORDER DISMISSING APPLICATION FOR POST-CONVICTION RELIEF

This matter comes on for hearing on this 15th day of November 1971, upon the "Application for Post-Conviction Relief" and "Writ of Habeas Corpus" filed herein on October 18, 1971, by Robert Neely, the defendant in the above entitled cause. The Court, having examined said Application and Writ; the Response and Motion for Summary Disposition filed herein by the State of Oklahoma; and the Record of Proceedings in this case, finds: That the defendant in his Application alleges that he was denied his right to a speedy trial and objects to the manner of his arrest in Canadian County in November, 1970. The Court further finds that the defendant, while serving a sentence in the State Penitentiary at McAlester, Oklahoma, from Canadian County, filed a demand with this Court on July 11, 1971, for a speedy trial in the above entitled cause, and a Writ of Habeas Corpus Ad Prosequendum was immediately issued by the Court and defend-

ant was returned to Custer County for trial. The Court further finds from the Record of Proceedings that on October 6, 1971, the day the above entitled cause was set for jury trial, Robert Neely appeared before the Court with his attorney, Don Rodolph, waived his right of jury trial and requested permission to withdraw his former plea of "Not Guilty," and entered a plea of "Guilty" to the offense of "Forgery in the Second Degree" and was sentenced to serve a term of three (3) years in the State Penitentiary at McAlester, Oklahoma, which sentence is well within the seven (7) year maximum authorized by law. The Court further finds that the defendant was represented by competent counsel at all stages of the proceedings in this case and that defendant by his unqualified plea of guilty to this charge on October 6, 1971, as a matter of law, waived any objections that he might have to a denial of speedy trial. Rodgers v. State, Okl.Cr., 483 P.2d 1375 (1971). The Court further finds that defendant's voluntary plea of guilty foreclosed his right to object to the manner in which he was arrested and any other irregularities in the proceedings except such as would go to the jurisdiction of the court. Ledgerwood v. State, Okl. Cr., 455 P.2d 745 (1969). The Court therefore finds that the conviction and sentence of the defendant in this case was not in violation of his constitutional rights.

The defendant further alleges in his unverified Application that he received cruel treatment by the Custer County Sheriff's office and that he was denied the right to get in touch with his wife while he was in custody. The Court finds that the defendant offers no evidence to substantiate these contentions and these allegations are in sharp conflict with his statements in open court on October 6, 1971, at the time of his plea of guilty in this case.

The Court therefore finds from the State's response and the pleadings that there is no genuine issue of material fact; that the defendant is not entitled to post-conviction relief; that no purpose would be served by any further proceedings in this matter; and that the State of Oklahoma is entitled to judgment as a matter of law in accordance with 22 O.S.1971, Section 1083(c).

It is therefore ordered, adjudged and decreed by the Court that the defendant's Application for Post-Conviction Relief and Writ of Habeas Corpus be, and the same are hereby dismissed without further proceedings, and that the State of Oklahoma's Motion for Summary Disposition of said Application is granted for the reason that there is no material issue of fact.

The defendant is hereby advised: That he has the right to appeal this judgment to the Court of Criminal Appeals of the State of Oklahoma by his filing a Petition in Error with said Court within thirty (30) days from the entry of this judgment. If he is indigent and is unable to afford the cost of a record of these proceedings said record can be furnished him, without cost, upon proper application. The Court Clerk of Custer County, State of Oklahoma, is hereby ordered and directed to mail a certified copy of this Order to:

Robert Neely

O. S. P. No. 82090

P. O. Box 97

McAlester, Oklahoma 74501
(s) Charles M. Wilson

CHARLES M. WILSON, Judge of the District Court.