**Buster DAWSON, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16928.**

Court of Criminal Appeals of Oklahoma.

Jan. 19, 1972.

Thomas E. Shaw, Tishomingo, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Buster Dawson, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Johnson County, Oklahoma to the offense of Burglary in the Second Degree; his punishment was fixed at two (2) years imprisonment, and from said judgment and sentence, a Writ of Certiorari has been perfected to this Court.

The defendant contends that he was interrogated without being properly advised of his "Miranda rights," and further, that the plea of guilty was entered without full knowledge of the nature and consequences of his plea. At the Evidentiary Hearing, which was ordered by this Court, the defendant testified that he was not guilty of the offense, and that he was present at the scene with three other defendants, but was intoxicated, and did not know a burglary had been committed until it was completed. He testified that after being arrested, he was interrogated without being advised of his "Miranda rights." He testified that a lawyer was appointed to represent him approximately fifteen minutes prior to the time he entered his plea, and that he inquired of the lawyer the possibility of his receiving a suspended sentence, to which the lawyer advised him a short time later that it was not possible. Defendant stated, "Well, I guess I'll just have to take the two years, then. So that's what I did." (Tr. 33) He testified that he could not re-

member all the questions the court propounded to him prior to entering the plea of guilty. On cross examination, he testified that his court-appointed attorney advised him in answering the questions propounded to him. He testified that he did not know that he had the right to appeal, or that the State would pay the expense of an appeal.

For the State, Deputy Sheriff Dilbeck testified that he arrested the defendant, and advised the defendant of his rights against self-incrimination by reading to the defendant a "Miranda warning card." On two occasions, the defendant acknowledged that he understood his rights. Defendant subsequently gave a statement to the sheriff to the effect that he had received a box of cigars that were taken in the burglary.

Sheriff Stewart testified that prior to interrogating the defendant, he inquired of Deputy Dilbeck if the defendant had been advised of his rights, who replied in the affirmative. Defendant made a statement that he and another person went to the door of the burglarized premises, and that he received the box of cigars.

James Mathers testified that he was the Associate District Judge of Johnson County, and that on the 28th day of January, 1971, the defendant entered a plea of guilty in his court. He identified a summary of facts concerning the defendant's plea of guilty. Judge Mathers testified that the defendant did not show any dissatisfaction or displeasure with his court-appointed attorney, that he did not ask for any delay, nor was there any indication that the plea of guilty was involuntary, or coerced.

Lyn Ables, the Assistant District Attorney of Johnson County, testified that he represented the State of Oklahoma at the time the defendant entered his plea of guilty. He testified that on the day prior to the defendant's entering his plea of guilty, the defendant made the statement, "When can I see the Judge, so I can get it over with?" He asked him if he wanted to enter a plea of guilty, and defendant said, "Yes." He testified that he told the defendant, "Since the other two boys charged with the same crime had received a two-year prison term, that is what I would recommend to the Judge, and I wanted him to think about it for a while before he made up his mind." (Tr. 112) He testified that on the following morning, the defendant sent word to him that he wanted to enter a plea of guilty, and that nothing transpired at the plea of guilty to indicate that the defendant's plea of guilty was involuntary.

We first observe that, although there is a conflict of evidence concerning whether or not the defendant's "Miranda rights" were explained to him prior to interrogation, the Record does not disclose that there were any statements made by the defendant which were used in any manner against him to coerce him to plead guilty.

We next observe that the summary of facts taken at the original plea of guilty reflect that the defendant was twenty-two (22) years old, that he had conferred with his attorney, that he understood his rights, and that he had the attorney's counsel and advice. Further, he had a right to a jury trial, he entered a plea of guilty on his own free will, and only for the reason that he was guilty of the offense; he had the right to appeal, and if indigent, at State expense, and that he did not wish to appeal from the judgment and sentence. The instrument, Summary of Facts, was signed by the defendant and his attorney.

This Court has repeatedly held that the granting or denying of permission to withdraw a plea of guilty in order to substitute a plea of not guilty is a matter which rests with the sound discretion of the trial court, and its actions will be upheld, unless an abuse of such discretion clearly appears on the Record. Sandersfield v. State, Okl.Cr. 445 P.2d 422. We concur with the trial court's conclusion of law as follows:

"The court concludes, as a matter of law, that the defendant, Buster Dawson, was adequately and sufficiently advised of the consequences of his plea of guilty, and knowingly and intelligently entered

said plea of guilty with full knowledge of the nature and consequences of his plea. The court notes that the defendant knew, at the time he entered his plea of guilty, what the recommendation of the District Attorney would be, and further notes that this recommendation was followed by the Associate District Judge."

In Schapansky v. State, Okl.Cr., 479 P.2d 626, we stated:

"To come to this Court, many months later, alleging he did not know the consequences and nature of entering a plea of guilty is hardly sufficient to overcome the regularity of the proceedings."

The judgment and sentence is affirmed.

BRETT, and SIMMS, JJ., concur.