Gary Andrew **DUNSON**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–16410.

Court of Criminal Appeals of Oklahoma.

Jan. 19, 1972.

James W. Fransein, Tulsa, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Gary Andrew Dunson, hereinafter referred to as defendant, entered pleas of guilty in the District Court of Tulsa County, Oklahoma to the offenses of Robbery with Firearms, After Former Conviction of a Felony, Possession of a Firearm, After Former Conviction of a Felony, and Shooting with Intent to Kill, After Former Conviction of a Felony; his punishment was fixed at three (3) concurrent, ten-year sentences, and from said judgments and sentences, a timely Writ of Certiorari has been perfected to this Court.

The defendant does not allege any irregularities concerning the pleas of guilty, but contends that he was convicted for three separate offenses arising out of the same incident, which is contrary to the laws of the State of Oklahoma, and the Constitution of the United States· of America. In the recent case of Bass v. State, Okl.Cr., 489 P.2d 1343, in dealing with a similar proposition, we stated:

" 'We are of the opinion that the defendant's unqualified plea of guilty waived any objection the defendant might have to the defense of former jeopardy.' "

In *Bass*, supra, we further cited, with approval, the case of People ex rel. Hornbeck v. Jackson, 7 A.D.2d 689, 179 N.Y.S.2d 315,

cert. den., 359 U.S. 972, 79 S.Ct. 886, 3 L.Ed.2d 838, the Court said:

" 'Where there has been a plea of guilty to separate crimes the claim of double jeopardy based upon the dual charges is waived.' "

The judgments and sentences are affirmed.

BRETT and SIMMS, JJ., concur.