Joe Ticy **PICKENS**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–18146.

Court of Criminal Appeals of Oklahoma.

Aug. 6, 1973.

Rehearing Denied Aug. 15, 1973.

Charle V. Foor, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Appellant, Joe Ticy Pickens, hereinafter referred to as defendant, entered pleas of guilty in the District Court of Pittsburg County, Case Nos. F–72–104 and F–72–105, to separate counts of Escape, Larceny of an Automobile, Carrying Firearms After Former Conviction of a Felony, and two counts of Kidnapping, his punishment was fixed at two (2) years for Escape, two (2) years for Larceny of an Automobile, ten (10) years for Carrying Firearms After Former Conviction of a Felony, fifteen (15) years on one count of Kidnapping and fifteen (15) years on the other Kidnapping. All sentences to run concurrently and from said judgments and sentences an appeal has been perfected to this Court.

The sole proposition asserts that the trial court erred in not sustaining defendant's motion to quash the Information and to dismiss counts two, three, four and five on the grounds that they all arose out of the act of escape. We are of the opinion that this proposition is without merit. In Dunson v. State, Okl.Cr., 493 P.2d 828, we stated:

"The defendant does not allege any irregularities concerning the pleas of guilty, but contends that he was convicted for three separate offenses arising out of the same incident which is contrary to the laws of the State of Oklahoma, and the Constitution of the United States of America. In the recent case of Bass v. State, Okl.Cr., 489 P.2d 1343, in dealing with a similar proposition, we stated:

'We are of the opinion that the defendant's unqualified plea of guilty waived any objection the defendant might have to the defense of former jeopardy.' "

The judgments and sentences are, accordingly, affirmed.

BLISS, P. J., concurs.

BRETT, J., concurs in part, and dissents in part.

BRETT, Judge (concurs in part, and dissents in part).

I concur in the fifteen year sentence imposed on defendant, insofar as the sentences are provided to run concurrently. However, I believe "an act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions . . . but in no case can he be punished under more than one; and an acquittal or conviction and sentence under either one, bars the prosecution for the same act or omission under any other." 21 O.S.1971, § 11. In the instant appeal, defendant's actions constituted one course of conduct toward one objective, i. e., escape. During that course of conduct defendant committed several offenses.

Insofar as one information was filed containing several counts, it appears that the prosecutor was attempting to comply with 22 O.S.1971, § 404. Such being the case, that section provides in part, "the court or jury trying the cause may find all or either of the persons guilty of either of the offenses charged . . . ." Consequently, I believe the court should have entered a finding of guilty on the greatest of the offenses and imposed punishment for that offense, if the statute means what it says. Likewise, it appears to me that the appeal was lodged to determine that aspect of the trial, but the decision does not consider that question.

Therefore, I dissent to that part of the decision which affirms all of the offenses for which defendant was convicted. I believe he should have been convicted for the kidnapping for which defendant could have been sentenced to life imprisonment, or as he was, for fifteen years.