Robert L. NELSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–238.

Court of Criminal Appeals of Oklahoma.

Aug. 1, 1977.

William Layden, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., James W. McCann, Legal Intern, for appellee.

## OPINION

BRETT, Judge.

The appellant, Robert L. Nelson, hereinafter referred to as defendant, was charged in the District Court, Pittsburg County, Case No. F–76–128, with the offense of Escape from Penitentiary in violation of 21 O.S.1971, § 443. He was tried by a jury, convicted and sentenced to a term of five (5) years in the State penitentiary. From this judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated the facts of this case are as follows. On the 19th of June, 1976, while incarcerated in the Oklahoma State penitentiary for Robbery With Firearms, the defendant escaped from confinement. He was subsequently apprehended on the 22nd of June, 1976, and returned to the custody of the prison personnel.

The defendant's first assignment of error is that there was insufficient evidence to sustain a verdict of guilty. In support of this contention the defendant asserts that there was an insufficient showing of the reasons and grounds for which said defendant was incarcerated. With this we do not agree. During trial, the records supervisor of the Oklahoma State penitentiary testified from records subject to his supervision and control. These records showed that at the time of defendant's escape he was serving a sentence for Robbery With Firearms, Case No. CRF–72–3041, District Court, Oklahoma County.

The defendant contends that such evidence constituted hearsay, asserting that all the provisions of 12 O.S.1971, § 502, concerning public records, were not complied with. However, this Court need not

reach the issue of compliance with 12 O.S. 1971, § 502, for as this Court stated in *Brinlee v. State*, Okl.Cr., 543 P.2d 744 (1975), the common law concept of the business records exception to the hearsay rule is also applicable in Oklahoma. This assignment of error is without merit.

■ The defendant next asserts as error the trial court's failure to sustain his objection to the method used in the selection of the jury, and failure to grant his related motion for mistrial. In the instant case the court called a total of 22 jurors constituting the proposed panel of 12 jurors plus the 10 jurors subject to peremptory challenges by the State and the defense. This method allows all 22 potential jurors to be individually voir dired and challenged for cause before exercising peremptory challenges. This is analogous to the method outlined in 12 O.S.1971, § 575.1, except that the total number of potential jurors called, differ due to the difference in the number of peremptory challenges allowed in a felony prosecution, as opposed to a civil suit, and 22 O.S. 1971, § 592, provides that:

> "Trial juries for criminal actions may also be formed in the same manner as trial juries in civil actions."

Furthermore, this method is quite adequate to provide the defendant with an ample opportunity to examine each juror individually to determine if there are grounds to challenge for -cause, and to exercise all his allotted peremptory challenges. Therefore, the defendant's second assignment of error is without merit.

■ The defendant's third assignment of error is that the trial court should have dismissed on the grounds that the defendant had already been placed in jeopardy for the same offense. The defendant bases this contention on the fact that he had been required to appear before a disciplinary board at the Oklahoma State penitentiary, where he was adjudged guilty of escape and received punishment.

In *Ex Parte Kirk*, 96 Okl.Cr. 272, 252 P.2d 1032 (1953), this Court stated in paragraphs three and four of the Syllabus:

> "Jeopardy, in its constitutional and common-law sense, has a strict application to criminal prosecutions only; and the word 'jeopardy', as used in the Constitution, signifies the danger of conviction and punishment which the defendant in a criminal prosecution incurs when put upon trial before a court of competent jurisdiction under an indictment or information sufficient in form and substance to sustain a conviction.

> "Order of warden of penitentiary taking away certain of the rights and privileges of prisoner because of an infraction of the rules of penitentiary by escaping from the penitentiary did not constitute a conviction for a crime and prisoner could not plead that he had been placed in jeopardy when he later was charged in the district court by information for the crime of escaping from the penitentiary."

Therefore, the defendant's third assignment of error is without merit.

■■ As his final assignment of error, the defendant asserts that the sentence of five years' imprisonment is excessive. This Court has consistently followed the rule stated in the fifth paragraph of the Syllabus to *Johnson v. State*, Okl.Cr., 386 P.2d 336 (1963), that:

> "The question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the court."

After considering all the facts and circumstances of this case, we find that a sentence of five years is not so excessive that it shocks the conscience of this Court. Therefore, the defendant's final assignment of error is without merit.

For the above and foregoing reasons the judgment and sentence of the court below is, hereby, *AFFIRMED*.

BUSSEY, P. J., concurs.