Elbert Harrison VICK, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–69.

Court of Criminal Appeals of Oklahoma.

May 27, 1988.

Rehearing Denied July 21, 1988.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Elbert Harrison Vick, was tried by jury in Atoka County District Court, Case No. CRF–84–1, and convicted of First Degree Murder (21 O.S.Supp.1982, § 701.7) before the Honorable Robert E. Price, District Judge. The jury set punishment at life imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

For his first assignment of error, the appellant claims that the evidence was insufficient to support a conviction. We therefore turn to the evidence.

At approximately 6:00 a.m. on December 30, 1983, officers at the McLeod Correctional Center discovered Ruben Avilla, an inmate at the facility, lying on his bunk. Avilla had been badly beaten, and was bleeding copiously from head injuries. Avilla subsequently died from his injuries. Bobby Dale White, also an inmate at McLeod, testified that he saw appellant near Avilla's bunk. White heard appellant remark to others standing nearby, "You don't think I will do it, do you?", then saw appellant hit Avilla 20 to 30 times with a two- to three-foot-long pipe he had removed from his jacket. Appellant produced two witnesses, both fellow inmates. One accompanied appellant to the mess hall at the time of the incident; the other saw appellant in the mess hall at the time of the incident.

 This Court will not overturn a conviction for lack of evidence if it determines that a rational trier of fact could find the essential elements of the crime charged beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202, 203–04 (Okla.Crim. App.1985). Appellant would have us overturn his conviction because the pathologist could not determine how many blows the victim had suffered, or the angle from which the blows were delivered. He claims that this discrepancy, combined with his two witnesses as opposed to only one eyewitness for the State, warrants a reversal. It is within the jury's province to assess weight to be given to the evidence. If there is evidence from which a jury could conclude that a defendant is guilty, this Court will not interfere with that verdict, even if sharp conflicts in the evidence exist. *Renfro v. State*, 607 P.2d 703, 705 (Okla. Crim.App.1980). This assignment of error is therefore meritless.

 Appellant next claims that the trial court erred in failing to grant a dismissal on double jeopardy grounds. Prison authorities revoked appellant's 365 days of earned credit and placed him in a disciplinary unit for 15 days.

Appellant acknowledges that this Court has held that administrative sanctions in addition to judicial punishment does not constitute double jeopardy, at least for the crime of escape. *Nelson v. State*, 567 P.2d 522, 524 (Okla.Crim.App.1977); *Ex Parte Kirk*, 96 Okl.Crim. 272, 252 P.2d 1032 (1953). However, he urges us to reconsider our position. We find the reasoning to be valid for murder as well as escape.

At the time of the offense, the legislature had given prison administrators the power to punish for the violation of disciplinary rules. *See* 57 O.S.Supp.1983, § 510(8). This administrative action exists separate from the power of a court to impose criminal sanctions for murder. *See* 21 O.S.Supp.1982, § 701.7, 21 O.S.Supp. 1987, § 701.10. The Tenth Circuit, when faced with this very problem, has repeatedly held that the forfeiture of earned credits by penal authorities pursuant to statute is an administrative punishment and does not

render a subsequent judicial process a violation of the Fifth Amendment prohibition against double jeopardy. *United States v. Salazar*, 505 F.2d 72, 75 (10th Cir.1974); *United States v. Hedges*, 458 F.2d 188, 190 (10th Cir.1972); *Hutchinson v. United States*, 450 F.2d 930, 931 (10th Cir.1972). In light of caselaw both in this Court and in the federal courts, appellant's assignment of error is without merit.

Appellant last claims that improper comments by the prosecutor inflamed the jury and deprived appellant of a fair trial. Neither of the comments appellant cites was objected to at the time of trial; therefore, he has waived them for consideration on appeal in the absence of fundamental error. *Myers v. State*, 623 P.2d 1035, 1034 (Okla. Crim.App.1981). The two isolated comments of which appellant complains do not rise to this level.

Therefore, appellant's conviction is AFFIRMED.

BUSSEY and PARKS, JJ., concur.