941 F.2d 1213
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Elbert Harrison VICK, Petitioner-Appellant,
v.
Mike PARSONS, Warden, and the Attorney General of the State
of Oklahoma, Respondents-Appellees.
 No. 91-7029.
 United States Court of Appeals, Tenth Circuit.
 Aug. 26, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner-appellant Elbert Harrison Vick appeals from the denial of his habeas corpus petition, 28 U.S.C. § 2254, and the denial of a certificate of probable cause, 28 U.S.C. § 2253. Although petitioner paid an initial filing fee, after judgment he sought leave to appeal in forma pauperis (IFP). 28 U.S.C. § 1915(a); 10th Cir.R. 24.1. The district court found that there was no probable cause for an appeal and denied petitioner leave to proceed in forma pauperis and a certificate of probable cause. R. doc. 16. From our review of the record, we are unable to find that the district court provided a written statement of reasons for its denial of (1) in forma pauperis status on appeal, or (2) a certificate of probable cause. Such a statement is required and should be provided in the future. See Fed.R.App.P. 22(b) & 24(a); Herrera v. Payne, 673 F.2d 307, 308 (10th Cir.1982).
 
 
 2
 Petitioner was convicted of murder in the first degree and sentenced to life imprisonment. See Okla.Stat.Ann. tit. 21, § 701.7(A) (West 1983 & 1991 Cum.Supp.). His conviction was affirmed on direct appeal. Vick v. State, 756 P.2d 1239 (1988). As on direct appeal, petitioner challenges the sufficiency of the evidence to support his conviction. See Vick, 756 F.2d at 1240. Thus, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).
 
 
 3
 An eyewitness testified that petitioner attacked the sleeping victim, striking him twenty to thirty times with a pipe. Vick, 756 P.2d at 1239; Tr. at 210-12. Immediately prior to this, petitioner stood near decedent's bunk and told two other inmates " 'you don't think I will do it, do you?' " Vick, 756 P.2d at 1239; Tr. at 210. Petitioner contends that the evidence will not support the malice aforethought necessary for first degree murder, but rather only manslaughter in the heat of passion without any design to effect death. R. doc. 11 at 2-3. The converse is true; the evidence amply supports murder with malice aforethought, but does not support manslaughter in the heat of passion without design to effect death. See 21 Okla.Stat.Ann. tit. 21, § 701.7 ("Malice is that deliberate intention unlawfully to take away the life of a human being, which is manifested by external circumstances capable of proof."). See also Jackson v. Virginia, 443 U.S. at 324-25.
 
 
 4
 Petitioner also contends that the testimony of the eyewitness was not credible. The eyewitness testified that he met petitioner at a Toastmasters meeting, and later identified petitioner by institutional number, rather than by name. A report completed by the eyewitness contains only petitioner's institutional number. Petitioner argues that it is extremely unlikely that a person would remember both the name and number of a recent acquaintance. However, in a sufficiency of the evidence challenge, we do not weigh the evidence or evaluate the credibility of witnesses. United States v. Waldron, 568 F.2d 185, 187 (10th Cir.1977), cert. denied, 434 U.S. 1080 (1978). Credibility determinations are reserved for the jury, and we must presume that all such determinations were resolved in favor of the prosecution. Jackson v. Virginia, 443 U.S. at 326.
 
 
 5
 Petitioner has made a reasoned argument on the law and facts in support of his issue raised on appeal, see Coppedge v. United States, 369 U.S. 438, 448 (1962); Ragan v. Cox, 305 F.2d 58, 60 (10th Cir.1962), and has demonstrated a financial inability to pay based on his personal account; therefore, we GRANT petitioner leave to proceed on appeal in forma pauperis. Given the issues raised on appeal, however, petitioner has not made a substantial showing of the denial of a federal right, see Lozada v. Deeds, 111 S.Ct. at 861-62 (1991); therefore, we DENY petitioner a certificate of probable cause and DISMISS the appeal.
 
 
 6
 SO ORDERED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3